BEECHER v. THE BOARD OF SUPERVISORS OF WEBSTER
COUNTY ET AL.

1. **Constitutional Law**: TAXATION : REMISSION OF PENALTIES. Chapter 29,.
Laws of 1874, requiring the board of supervisors to remit the penal-
ties upon unpaid taxes when not collected in four years, is not in con-
flict with the Constitution as impairing the obligation of the contract
between the treasurer and the county.

2. ———: ———: ———. Nor is it liable to the constitutional objection
that it is a special law for the assessment and collection of taxes.

3. ———: ———: ———. The statute is not against public policy as.
encouraging delinquencies in the payment of taxes.

*Appeal from Webster Circuit Court.*

TUESDAY, APRIL 22.

MANDAMUS to compel defendant to remit the interest and
penalties upon taxes on personal property assessed against.
plaintiff, as required by chapter 29, Acts Fifteenth General.
Assembly. A demurrer to the petition was overruled, and.
defendants refusing to further plead, judgment was rendered.
for plaintiff. Defendants appeal.

*John F. Duncombe,* for appellants.

*John Garraghty,* for appellee.

BECK, CH. J.—I. The petition alleges that certain taxes.
upon personal property were assessed and levied against
plaintiff, which for more than four years the treasurer of the
county failed to collect by distress and sale of property, or to
bring forward upon the tax books as required by Code, § 845,
and that plaintiff made application to the board of supervisors.
to remit the penalties and interest which had accrued upon
such taxes, as that body is required to do by chapter 29, Acts.
Fifteenth General Assembly. Upon the refusal of the super-
visors to enter the remission as requested, plaintiff instituted

this action to compel the performance of the duty prescribed by the statute. The petition was assailed by a demurrer on the grounds that the statute is in conflict with the constitution and against public policy.

The points made by counsel for appellants will be considered in the order of their presentation in his argument.

II. It is first insisted that the statute is in conflict with the Constitution, in that it impairs the obligation of the con-

1. CONSTITU-TUTIONAL: law; taxation: remission of penalties.

tract existing between the treasurer of the county and the people, which binds the officer to perform his duties faithfully. The statute, it is claimed, impairs the obligation of this contract in this way. The treasurer is required by his duty to collect the taxes. He negligently fails so to do for four years. The statute thereupon remits penalties and interest, and thereby releases the treasurer from liability for neglect of duty in the collection of the taxes. While we do not attempt to use the language of counsel, we think the foregoing a fair and full presentation of the point.

We may, for the purposes of this case, admit the existence of the contract between the treasurer and the people, or between that officer and the State, but we do not think that the statute releases the treasurer from liability on account of his negligence, if negligence in fact exists. The law, in effect, provides that the interest and penalties are collectible within four years and not afterward. It operates as a statute of limitations. No rule of law would relieve an officer or agent, charged with the collection of money, of liability for negligence in failing to make the collection before the claim or debt is barred by the statute of limitations. There is reason to hold that the case of the treasurer is not different. He is charged with the collection of the penalties and interest upon taxes. They are not collectible after the expiration of four years. The officer negligently fails to make the collection within that time and thereby the county loses the money. Now, while we do not hold that the treasurer is liable in such a case, we

do say that he is not released from liability by the act in question. The statute requires the penalties and interest to be remitted on account of the neglect of the treasurer to collect the taxes or carry them forward. Surely it cannot be claimed that the treasurer is thereby released of liability for such neglect.

III. It is argued that the statute is in conflict with the Constitution, article 3, § 30, which prohibits special laws for the assessment and collection of taxes. The effect of the law need not be again stated. It surely cannot be claimed that a statute limiting the time for the collection of taxes would be a special law, because it would apply only to cases where the taxes were not collected within the time prescribed. Nor can it be said that the statute requiring interest to be collected upon taxes after the expiration of a certain time is a special law, because it applies only to the cases of taxes not paid before that time. The statute under consideration, which releases interest upon taxes, is no more special in its nature than the statute providing for interest. We think this point demands no further discussion.

IV. It is lastly insisted that the statute is in contravention of public policy, for the reason that it encourages delinquencies in the payment of taxes. We do not discover such an effect in the operation of the statute. If the officers do their duty the taxes will be collected; if they do not, there will be delinquencies. The delinquencies result not from the operation of the statute, but from failure in the discharge of official duty.

With the object and policy of the statute we have nothing to do. We fail to discover that it conflicts with the Constitution. We are required, therefore, to sustain it. The judgment of the Circuit Court is

AFFIRMED.