S. L. COLLINS OIL CO., Appellant, v. LA RUE PERRINE et al., Appellees.

**TAXATION: Distress and Sale—Limitation.** Taxes may be collect-
1  ed by distress and sale under execution, even after the lapse
   of five years from the entry on the treasurer's books.

**TAXATION: Cancellation of Interest and Penalties.** Failure to pay
2  taxes within four years after the close of the year in which
   the books are first turned over to the treasurer *ipso facto* can-
   cels all interest and penalties. [But now see Ch. 79, Acts 36
   G. A. (1915).]

*Appeal from Lucas District Court.*—C. W. VERMILION, Judge.

FEBRUARY 16, 1920.

SUIT to enjoin the collection of taxes by distress and sale under execution. There was a decree dismissing the petition, and rendering judgment against plaintiff for costs. It appeals.—*Modified and affirmed.*

*Hickman & Wells* and *Vander Ploeg & Johnson,* for appellant.

*E. W. Drake,* for appellees.

EVANS, J.—The defendant Perrine, as treasurer of Lucas County, issued an execution against the plaintiff for the collection of unpaid taxes appearing upon the treasurer's books

for the years 1912, 1913, 1914, 1915, 1916, and 1917, making a total tax of $251.28, and penalties thereon amounting to $71.86. The execution was placed in the hands of defendant Wyland, as constable, who served the same by levy upon certain property of the plaintiff. It averred that the taxes for each of the said years were illegal and void, because, in each year, the assessor assessed the property of the plaintiff at a valuation higher than was warranted by the facts; and that the assessor failed in each year to give to the plaintiff any notice of the assessment.

As to the taxes of 1912 and 1913, the plaintiff pleaded that the tax for each of said years and the penalties thereon were barred by lapse of time, in that the principal tax could not be collected after five years, and in that no penalties or interest could be collected after the expiration of four years.

As to the legality of the assessment, the trial court found against the plaintiff upon the facts. The evidence is not presented to us in the abstract, and no claim of reversal is asked on this feature of the case. The claim of reversal is directed: (1) To the tax of 1912, both principal and penalty on the ground that more than five years had elapsed; (2) to the penalty upon the tax of 1913, on the ground that more than four years had elapsed before the issuance of the execution.

I. Does the authority of the county treasurer to collect taxes by distress and sale under execution cease after the expiration of five years from the date when such taxes were entered upon the treasurer's books? The only proposition really presented or argued in appellant's brief is that "the statute of limitations operates to bar an *action* brought by the county to recover taxes when such action is not commenced within five years." This proposition may be freely conceded. This concession, however, does not

1. TAXATION: distress and sale: limitation.

avail appellant as sufficient ground of reversal. This is not an *action* to recover taxes on omitted property. It is an action by the plaintiff itself, to restrain the use of process for the collection of delinquent taxes by distress and sale. The plaintiff has presumptively had its day in court, and the original validity of the tax is conclusively adjudicated. The trial court held that the county treasurer may issue process to collect delinquent taxes, even after the expiration of five years. It did not hold that an *action* to recover taxes might not be barred after five years. It clearly devolves upon appellant to meet that holding of the trial court by appropriate point and ground of reversal. It does not meet such holding to show that an action to recover is barred within five years. So far as this holding of the trial court is concerned, therefore, there is nothing before us. Nor do we know of any statute running counter to the holding of the trial court at this point.

II. It remains to consider whether the penalties for the years 1912 and 1913 are barred. Section 1391, Code Supplement, 1913, provides:

"No penalty or interest shall be collected upon taxes remaining unpaid four years or more from the thirty-first day of December of the year in which the tax books containing the same were first placed in the hands of the county treasurer."

2. TAXATION: cancellation of interest and penalties.

Pursuant to this provision of the statute, the appellant contends that the collection of the penalties is fully barred after the expiration of four years. The trial court construed the statute to mean only that *additional* penalties should not accrue after four years, and not that penalties accrued within four years should be deemed remitted or barred. The collection of penalties for four years on the taxes of 1912 and of 1913 was, therefore, sustained. If the statute above quoted could be deemed ambiguous, the con-

struction adopted by the trial court has in it a quality of reasonableness. The language of the statute, however, is very direct and sweeping, and it is difficult to say that it presents any ambiguity. It appears to have been over-looked by counsel on both sides that this section, as orig-inally enacted, was construed by this court in *Beecher v. Board of Supervisors,* 50 Iowa 538. It was there said:

"The law, in effect, provides that the interest and pen-alties are collectible within four years, and not afterward. It operates as a statute of limitations. * * * They [penalties] are not collectible after the expiration of four years. The officer negligently fails to make the collection within that time, and thereby the county loses the money."

The foregoing construction was put upon the language of the statute in its original form, which was not identical with its present form. The form of the statute at that time, as above construed, was as follows:

"That in all cases where the county treasurer in any county in this state * * * has for four years or more neglected to collect said tax by distress and sale of per-sonal property or real estate, upon which said tax is a lien, it shall be the duty of the board of supervisors of the coun-ty to remit all of the penalties and interest that may have accrued on such delinquent taxes, on the payment by the person liable for the same of the original amount of such tax." Chapter 29, Acts of the Fifteenth General Assembly.

It will be noted that the statute, as thus originally en-acted, was predicated upon official neglect, and contained a mandate to the board of supervisors "to remit all of the pen-alties and interest that may have accrued on such delin-quent taxes;" also, that such remission was conditioned upon the payment of the principal tax.

The present form of the statute, as we have above set it forth, was adopted in the Code of 1897. It eliminated all qualifying conditions as to official neglect or payment of the

principal sum. Instead of directing the board of supervisors to remit penalties and interest, the statute itself remitted them by forbidding their collection after four years. We think it clear that the statute in its present form is even more direct and emphatic than the original enactment.

In view of the construction put upon the original enactment in the *Beecher* case, we do not think that the statute in its present form will bear a construction less favorable to the taxpayer. The direct declaration that "no penalty or interest shall be collected upon taxes remaining unpaid four years or more" must be construed to mean that "no penalties or interest shall be collected upon taxes remaining unpaid four years or more."

This statute has in it a quality of salvage and a touch of mercy. If, after four years of official effort with the whip and prod of penalties and the duress of distraint, collection yet fails, then the statute reverses its method by reducing the load, instead of increasing it; somewhat as sailors jettison cargo to save the remnant and the ship, or as the ox driver drops his long-used goad, and salves its perforations in the rump of the sick ox. We recognize some incongruity in applying this simile to an oil company. But the statute does not differentiate. The plaintiff has stood the statutory test, and may, therefore, be deemed legally impecunious. Be that as it may, we reach the conclusion that penalties and interest are not collectible upon the taxes of 1912 and 1913, under the statute then in force. For the later statute, see Chapter 79, Acts of the Thirty-sixth General Assembly (Section 1391, Supplemental Supplement, 1915).

To this extent, the appellant is entitled to relief, and the judgment of the lower court will be modified accordingly; otherwise, it is affirmed.—*Modified and affirmed.*

WEAVER, C. J., PRESTON and SALINGER, JJ., concur.