WILLIAM M. WILCOXEN, Receiver, Appellee, v. ALLEN MUNN, County Treasurer, Appellant.

NOVEMBER 13, 1928.

*Carl S. Missildine,* County Attorney, and *Alexander M. Miller,* Assistant County Attorney, for appellant.

*Charles Hutchinson,* for appellee.

MORLING, J.—The tax in question was levied in the year 1925. It is upon the shares of stock in the Security Loan & Investment Company. This company became insolvent, and plaintiff was appointed its receiver on December 5,  1925. The levying of the tax was governed by the law as found in the Code of 1924, Section 7008, and is Section 16 of the codifying act,

which materially changed Section 1323 of the Code of 1897. Section 7008 declares:

"The shares of stock of any corporation organized under the laws of this state, except corporations otherwise provided for in Chapters 331 to 341, inclusive, and except as provided in Section 7102, shall be assessed to the owners thereof as moneys and credits at the place where its principal business is transacted. The assessment shall be on the value of such shares on the first day of January in each year. In arriving at the assessable value of the shares of stock of such corporations, the amount of their capital actually invested in property other than moneys and credits shall be deducted from the actual value of such shares. Such property other than moneys and credits shall be assessed as other like property."

The insolvent company is not a corporation "otherwise provided for in Chapters 331 to 341, inclusive" (330 to 341, inclusive [see Acts of the Forty-first General Assembly, Chapter 158]), or Section 7102, Code of 1924. By Section 1323, Code of 1897, the shares were required to be assessed to the owners, but the amount of capital invested in real estate was required to be deducted, and the real estate assessed as other real property. Corporate property, except real estate, situated within the state should not be otherwise assessed. By Section 7008, the amount of "capital actually invested in property other than moneys and credits shall be deducted from the actual value of such shares," and "such property other than moneys and credits shall be assessed as other like property." The net result is that the property of the corporation other than its moneys and credits is assessed to the corporation "as other like property." As to moneys and credits, the corporate organization for purposes of taxation is ignored, and the moneys and credits are assessed to the real owners thereof,—the shareholders,—"as moneys and credits." Sections 7013 and 7014 are editorial subdivisions of Section 1325, Code of 1897, which reads as follows:

"The corporations described in the preceding sections shall be liable for the payment of the taxes assessed to the stockholders of such corporations, and such tax shall be payable by the corporation in the same manner and under the same penalties as in case of taxes due from an individual taxpayer, and may be col-

lected in the same manner as other taxes, or by action in the name of the county. Such corporations may recover from each stockholder his proportion of the taxes so paid, and shall have a lien on his stock and unpaid dividends therefor. If the unpaid dividends are not sufficient to pay such tax, the corporation may enforce such lien on the stock by public sale of the same, to be made by the sheriff at the principal office of such corporation in this state, after giving the stockholders thirty days' notice of the amount of such tax and the time and place of sale, such notices to be by registered letter addressed to the stockholder at his post-office address, as the same appears upon the books of the company, or is known by its secretary.''

The taxes in question here are the taxes against the shareholders on that part of their moneys and credits represented by their proportion of the moneys and credits of the corporation. Before the corporation became liable for the payment of the tax, it was insolvent, and in the hands of the receiver. The language of *Andrew v. Munn*, 205 Iowa 723, is applicable:

"Section 1325, above quoted, creates a statutory liability, and nothing more. The instant taxes are not 'taxes due' upon personal property of the bank, but primarily are taxes of individual stockholders. If the bank should pay the same, it would not be paying taxes on personal property owned by it, but would be simply fulfilling the liability marked out by statute. * * * It is not a tax against the bank or its property, but is a primary liability of the holder of the stock.''

It is true that, by express legislative enactment, Section 12719, providing that, when the property of a corporation has been placed in the hands of a receiver, debts due or taxes assessed and levied for the benefit of the state, county, or other municipal corporation in the state are entitled to priority, was made inapplicable to the corporation under consideration in *Andrew v. Munn*, and an additional reason was thereby furnished for discharging the assets of that corporation from liability for taxes upon the shares of stock.

In *Andrew v. Munn*, the statute ''taxes due from any person upon personal property shall be a lien upon any and all real estate owned by such person * * *'' was interpreted to mean ''taxes due from any person upon personal property taxable to

him," or "personal property of such person," and the liability (or duty) of the bank was held to be statutory. Under the reasoning of that case, and the authorities there cited, the underlying reason for imposing the liability or duty and the enforcement of it was the possession by the bank of the property on account of which the tax was levied, and the possession of the means of paying it or compelling its payment. This is not saying that the corporation, while it is a going concern, may be heard to say, in opposition to the collection of the tax, that the stock is of no value. Here the tax was levied for the year 1925. It was not payable until December 31st. Before that time arrived, the corporation had become insolvent. The shares had become of no value. The corporation had become unable to pay, unless at the expense of its creditors, who, in the meantime, by the receivership had acquired a definite and immediate interest in, and, figuratively speaking, had become the owners of, the corporate property. When the receiver took possession of the property, the rights of the creditors therein became fixed. See 14a Corpus Juris 977; 34 Cyc. 187. The duty of the corporation to pay was inchoate,—was entirely *in futuro*. We think that this statutory duty does not rise to the dignity of the equivalent of a guaranty. It was not yet, in the sense of the statute, a liability "for the payment of the taxes assessed to the stockholders." It was not yet a tax. It was not, and never would be, a debt. It was not a claim for "debts due or taxes assessed and levied for the benefit of the state, county, or other municipal corporation in this state," within the meaning of Section 12719. That section reads, "When the property of any. * * * corporation has been placed in the hands of a receiver * * * the following claims shall be entitled to priority * * * 2. Debts," as above quoted. We are of the opinion that the inchoate duty never matured, the inchoate liability never became a debt, within the meaning of the statute, and that the word "taxes," as used in the section, means taxes against the corporation, and not taxes against shareholders. We are of the opinion that the tax here involved is not a debt due or a tax assessed and levied for the benefit of the state, county, or other municipal corporation in this state, within the meaning of Section 12719. We need not

repeat or elaborate upon what is said in *Andrew v. Munn.* By Section 7203, Code of 1924 (since amended):

"Taxes due from any person upon personal property shall be a lien upon any and all real estate owned by such person or to which he may acquire title."

Under the reasoning of *Andrew v. Munn,* which we apply to this case, the tax in question is not due from the insolvent corporation upon personal property, and is not a lien. There is language in *In re Appeal from Assessment against Sioux City Stock Yards Co.,* 149 Iowa 5, that seems to be to the contrary effect. That case, however, came here on an application for an assessment of the shares of a corporation, and on refusal of the trial court to entertain an appeal. The court did not have before it the question presented in the *Munn* case or presented here. So far as the language is inconsistent with what we are now holding, it is overruled.—*Affirmed.*

STEVENS, C. J., and DE GRAFF, ALBERT, and WAGNER, JJ., concur.