N. Hampe, Appellant, v. Ida W. Philipp, County Treasurer, et al., Appellees.

No. 40362.

October 21, 1930.

*Warren H. White,* for appellant.

*E. C. Roach,* for appellees.

Evans, J.—The taxes in question were levied in 1923, and became collectible in 1924. The second half of the taxes collectible against the plaintiff in 1924 became delinquent on October 1st of that year. These taxes were levied upon certain bank stock owned by the plaintiff at that time. In July, 1924, the bank closed its doors, and the stock presumptively became a liability, rather than an asset. The amount of the taxes was $91, plus penalty. The contention of appellant, as made here, is that the tax was not a lien upon his homestead. In support of this proposition, the appellant contends further that the tax was not brought forward from year to year upon the delinquent tax list by the county treasurer, and for that reason could not be, or become, a lien upon the homestead.

It appears without dispute that, between October 1st and December 31st, the county treasurer did enter such tax upon the delinquent tax list, as required by Section 7190, Code, 1924. There is no statutory requirement for any further entry from

year to year. The appellant relies upon Section 7193. This section relates exclusively to real property taxes, and not to personal taxes. The requirement as to delinquent personal taxes is set forth in Sections 7190 and 7192. The provisions of 7193 are not available to the appellant, for want of applicability. There was a time in our legislative history when a homestead was liable only for its own taxes. But such is not the present state of our legislation. We had the identical question before us in *Tate v. Madison County,* 163 Iowa 170. In that case we said:

"The contention of the appellant in brief is that his homestead is not and was not liable for any other taxes than for those levied against the homestead itself. Under previous statutes it was true that a homestead, if separately listed and platted, was only liable for the taxes thereon. Under our present statute (Section 1400), it is expressly provided that 'taxes due from any person upon personal property shall be a lien upon any and all real estate owned by such person.' It is not claimed that the taxes involved in the suit were not due from the plaintiff. The statute quoted is therefore applicable to him. It provides for no exemption in favor of the homestead."

See, also, *Collins Oil Co. v. Perrine,* 188 Iowa 295; *Andrew v. Munn,* 205 Iowa 723.

The foregoing citations are decisive of the question presented. The facts appearing in the record present a case of apparent hardship, which might be deemed to challenge strongly the expediency of the statute. But the county treasurer had no power of mercy. Nor have we. Whether the plaintiff could have sought appropriate relief in other directions, at the appropriate time, is a question which we may not consider.

The judgment below must be, and is, accordingly,—*Affirmed.*

MORLING, C. J., and FAVILLE, KINDIG, and GRIMM, JJ., concur.