C. I. T. CORPORATION, Plaintiff,

v.

UNITED STATES of America, et al., Defendants.

No. C–71–1384.

United States District Court, N. D. California.

June 27, 1972.

---

10. *See id.* at 897 n. 2 and cases cited therein.

Robert O. Appleton, Jr., Dinkelspiel & Dinkelspiel, San Francisco, Cal., for plaintiff.

James L. Browning, Jr., U. S. Atty. by Gary K. Shelton, Asst. U. S. Atty., San Francisco, Cal., for defendant United States of America.

Evelle J. Younger, Atty. Gen., by Timothy G. Laddish, Deputy Atty. Gen., San Francisco, Cal., for State of California Dept. of Human Resources Development, defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SPENCER WILLIAMS, District Judge.

Plaintiff filed this action in interpleader in Superior Court of the City and County of San Francisco to facilitate the resolution of conflicting tax liens. The United States, the State of California and the County of Mendocino all assert claims against the insufficient assets of one William Van Pelt. The action was removed to this court upon petition of the United States pursuant to 28 U.S.C. § 1444. The matter came before the court on May 26, 1972 on the motion of the United States for Summary Judgment. The following are the court's findings of fact and conclusions of law:

## FINDINGS OF FACT

1. On January 26, 1966, William Van Pelt was doing business in Ukiah, Mendocino County, California, as Van Pelt Logging.

2. On or about January 26, 1966, Van Pelt entered into a security agreement with plaintiff C.I.T. Corporation whereby certain items of personal property in possession of Van Pelt were to secure an indebtedness to plaintiff.

3. Van Pelt defaulted under the terms of the security agreement, plaintiff repossessed the aforementioned personal property, and sold the property at a public sale.

4. After the conclusion of the public sale, plaintiff held surplus proceeds of $13,124.87, which sum plaintiff has interpleaded in this action and deposited with the Clerk of the Court.

5. The County of Mendocino claims liens against the interpleaded fund for unpaid personal property taxes owed by Van Pelt by reason of Certificates of Delinquency filed with the Mendocino County Recorder on the dates, for the periods and in the amounts listed below:

| PERIOD | DATE CERTIFICATE OF DELINQUENCY FILED WITH MENDOCINO COUNTY RECORDER | AMOUNT OF UNPAID TAXES |
|--------|------------------------------|----------------|
| 1967–1968 | 11–07–67 | $4,511.97 |
| 1968–1969 | 11–15–68 | 1,058.88 |
| 1969–1970 | 10–02–69 | 624.34 |
|  |  | $6,195.19 plus interest |

6. The State of California, Department of Human Resources Development claims liens against the fund interpleaded herein for unpaid unemployment contributions owed by Van Pelt, by reason of Certificates of Amount of Contributions, Interest and Penalties Due, filed with the Mendocino County Record-

er on the dates and for the periods listed below with the amounts presently due and owing, including interest accrued through May 31, 1972:

| PERIOD | DATE CERTIFICATE OF AMOUNT OF CONTRIBUTIONS, INTEREST AND PENALTIES DUE FILED WITH MENDOCINO COUNTY RECORDER | AMOUNT DUE INCLUDING INTEREST THRU MAY 31, 1972 |
|---|---|---|
| 10/1/66 – 10/31/66 | 02–28–67 | $ 26.89 |
| 10/1/66 – 12/31/66 | 04–07–67 | 501.46 |
| 07/1/67 – 09/30/67 | 12–20–67 | 903.57 |
| 10/1/67 – 03/13/68 | 03–13–68 | 175.02 |
| | | $1,606.94 |

———◆———

7. The United States claims liens against the fund interpleaded herein by reason of unpaid withholding, F.I.C.A., and F.U.T.A. taxes owed by Van Pelt, which taxes were assessed on the dates and for the periods listed below, along with the dates Notice of Federal Tax Liens were filed with the Mendocino County Recorder and the amounts presently due and owing, including interest accrued through May 31, 1972:

| PERIOD AND TYPE OF TAX | DATE OF ASSESSMENT | AMOUNT DUE INCLUDING INTEREST THRU MAY 31, 1972 | DATE NOTICE OF LIEN FILED WITH MENDOCINO COUNTY RECORDER |
|---|---|---|---|
| 4th Qtr. '66 WT–FICA | 03–17–67 | $ 1,251.98 | 04–07–67 |
| 1966 FUTA | 03–17–67 | 566.30 | 04–07–67 / 04–24–70 |
| 2d Qtr. '67 WT–FICA | 09–15–67 | 1,003.93 | 12–11–67 |
| 3d Qtr. '67 WT–FICA | 12–15–67 | 6,553.39 | 03–01–68 |
| 4th Qtr. '67 WT–FICA | 03–08–68 | 2,167.80 | 05–31–68 |
| | | $11,543.40 | |
| | Lien Fees | 24.00 | |
| | Total | $11,567.40 | |

———◆———

8. Neither the State of California, Department of Human Resources Development nor the United States had actual knowledge of the liens of the

County of Mendocino at the time they acquired their interests in the interpleaded fund.

9. Plaintiff C.I.T. Corporation has incurred attorneys fees and costs in the amount of $784.50 in prosecuting this action.

## CONCLUSIONS OF LAW

1. The court has jurisdiction of this action and the parties. 28 U.S.C. §§ 1444 and 2410.

2. Upon the filing in the office of a county recorder of a certificate specifying the amount of contributions, interest and penalties due from an employing unit, the State of California, Department of Human Resources Development has a lien against all the property in the county owned by such person; under California law, this lien has the force, effect and priority of a judgment lien for a period of ten years. Cal.Unemploy. Ins.Code § 1703.

3. Upon the filing in the office of a county recorder of a certificate specifying the amount of the personal property tax, interest and penalties due from an assessee, a county shall have a lien against all personal and real property in the county owned by the assessee. Cal. Rev. and Tax.Code §§ 2191.3, 2191.4. Under California law, liens based on certificates filed prior to November 8, 1967, have the force, effect and priority of a judgment lien for a period of three years and liens based on certificates filed on or after November 8, 1967, have the force, effect, and priority of a judgment lien for a period of ten years. Cal.Rev. and Tax.Code § 2191.4; see Tevis v. City and County of San Francisco, 43 Cal.2d 190, 272 P.2d 757 (1954).

4. The assessment of a federal tax liability against a delinquent taxpayer creates, as of the date of the assessment, a lien in favor of the United States upon all property and rights to property belonging to the taxpayer. 26 U.S.C. §§ 6321, 6322.

■ 5. Where there are adverse lien claimants to specific property or rights to property belonging to a delinquent taxpayer, the United States' federal tax lien is entitled to priority in satisfaction upon the rule of "first in time, first in right". United States v. City of New Britain, Conn., 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520 (1954); United States v. Security Trust and Savings Bank, 340 U.S. 47, 71 S.Ct. 111, 95 L.Ed. 53 (1950).

6. The United States' federal tax lien need be recorded in order to be perfected only as against classes of adverse claimants coming within the statutorily limited categories of purchasers, holders of security interests, mechanics lienors and judgment lien creditors. 26 U.S.C. § 6323(a).

■■ 7. Under federal law, neither the State of California, Department of Human Resources Development nor the County of Mendocino is a judgment lien creditor. United States v. Gilbert Associates, 345 U.S. 361, 73 S.Ct. 701, 97 L.Ed. 1071 (1953). Moreover, neither the State of California, Department of Human Resources Development, nor the County of Mendocino are purchasers, holders of security interests or mechanics lienors within the purview of 26 U.S.C. § 6323(a).

8. The lien of the County of Mendocino under Cal.Rev. and Tax.Code § 2191.4 is not valid as against an encumbrancer without actual knowledge of the lien when the encumbrancer acquires his interest in the property.

■ 9. Under California law, encumbrances include taxes, assessments and all liens. Cal.Civ.Code § 1114; Evans v. Faught, 231 Cal.App.2d 698, 42 Cal.Rptr. 133 (1965). Therefore, the liens of the County of Mendocino are not valid as against the liens of the State of California Department of Human Resources Development or the liens of the United States. Moreover, the lien of the County of Mendocino based on the filing of a Certificate of Delinquency on November 7, 1967, expired prior to the commencement of this action.

10. The State of California, Department of Human Resources Development

has valid liens subsisting against the fund interpleaded herein in the amount of $1,606.84, including interest. The United States has valid liens subsisting against the fund interpleaded herein in the amount of $11,567.40, including interest.

■ 11. The State of California, Department of Human Resources Development and the United States agree, and the court finds, that the priorities of the parties' respective liens are to be determined under the principle of "first in time, first in right", based on the date the State of California, Department of Human Resources Development filed Certificates of Amounts of Contributions, Interest and Penalties Due with the Mendocino County Recorder and the dates that the taxes of the United States were assessed. Following this principle, the court finds and the State of California, Department of Human Resources Development and the United States agree that the amounts and priorities of their liens are as follows:

| | Claimant | Date of Federal Assessment or State Filing of Certificate of Contributions Due | Amount of Liens Including Interest Thru May 31, 1972 |
|---|---|---|---|
| 1. | State of California | 2–28–67 | $ 26.89 |
| 2. | United States | 3–17–67 (WT–FICA) | 1,251.98 |
| 3. | United States | 3–17–67 (FUTA) | 566.30 |
| 4. | State of California | 4–07–67 | 501.46 |
| 5. | United States | 9–15–67 | 1,003.93 |
| 6. | United States | 12–15–67 | 6,553.39 |
| 7. | State of California | 12–20–67 | 903.57 |
| 8. | United States | 3–08–68 | 2,167.80 |
| 9. | State of California | 3–13–68 | 175.02 |

12. Based on the foregoing determination of priorities, the United States is entitled to $11,543.40 of the interpleaded fund of $13,124.87, and the State of California Department of Human Resources Development is entitled to recover $1,581.47 of said fund.

■ 13. The plaintiff C.I.T. Corporation is entitled to recover attorneys fees and costs of $784.50 from the interpleaded fund. However, none of the attorneys fees and costs of the plaintiff are to be paid from the portion of the interpleaded fund to which the United States is entitled. United States v. R. F. Ball Construction Co., 355 U.S. 587, 78 S.Ct. 442, 2 L.Ed.2d 510 (1958); Seaboard Surety Co. v. United States, 306 F.2d 855 (9th Cir. 1962); United States v. Chapman, 281 F.2d 862 (10th Cir. 1960); see also United States v. Liverpool & London & Globe Insurance Co., 348 U.S. 215, 75 S.Ct. 247, 99 L.Ed. 268 (1955). Therefore, the attorneys fees and costs of the plaintiff must be paid entirely from the portion of the fund to which the State of California, Department of Human Resources Development is entitled.

14. Therefore, the United States shall recover the sum of $11,543.40, the State of California, Department of Human Resources Development shall recover the sum of $796.97, and the plaintiff C.I.T. Corporation shall recover the sum of $784.50.