[Civ. No. 1834. Fifth Dist. Mar. 1, 1974.]

ADA ELIZABETH CURTIS et al., Plaintiffs and Respondents, v. COUNTY OF KERN, Defendant and Appellant.

## COUNSEL

Ralph B. Jordan, County Counsel, and Forest Greber, Deputy County Counsel, for Defendant and Appellant.

Edwin W. Wilson for Plaintiffs and Respondents.

## OPINION

**BROWN (G. A.), P. J.**—The sole question in this appeal is whether a tax lien for unsecured personal property taxes recorded against real property of the taxpayer by filing of a certificate pursuant to Revenue and Taxation Code sections 2191.3, subdivision (d), and 2191.4[1] takes priority over a prior recorded homestead. The trial court held that the homestead exemption is good against the tax lien. We agree.

---

[1]Revenue and Taxation Code section 2191.3 provides in pertinent part: "Where there is a tax on:

" . . . . . . . . . . . . . . . .

"(d) Unsecured property not secured by a lien on any real property, and such tax has become delinquent, the tax collector or assessor collecting the tax on such . . . unsecured property may file for record without fee in the office of the county recorder of any county a certificate specifying the amount of the respective . . . unsecured property tax due, interest and penalties due, the name and last known address of the assessee liable for the amount, and the fact, if such be the fact, that all provisions of this division in the computation and levy of the tax have been complied with. The procedure authorized by this section is cumulative to the procedure provided by Sections 2914 and 3003."

Revenue and Taxation Code section 2191.4 provides in pertinent part: "From the time of filing the certificate for record pursuant to Section 2191.3, the amount required to be paid together with interest and penalty constitutes a lien upon all personal and real property in the county owned by and then assessed to and in the same name as the assessee named in such certificate or acquired by him in such name before the lien expires, except that the lien upon unsecured property shall not be valid against a purchaser for value or encumbrancer without actual knowledge of the lien when he acquires his interest in the property. *The lien has the force, effect, and priority of a judgment lien and continues for 10 years from the time of the recording of the certificate unless sooner released or otherwise discharged.*" (Italics added.)

The taxpayers duly executed and, on July 6, 1970, recorded a declaration of homestead on the real property involved.

Thereafter, and on February 9, 1971 and February 16, 1971, the County of Kern, pursuant to Revenue and Taxation Code sections 2191.3, subdivision (d), and 2191.4, recorded tax liens against the homesteaded property in the amount of $623.39 and $234.97, which had been assessed for personal property taxes against the taxpayers on personal property which had never been situated on the homesteaded property.

The taxpayers filed this action in declaratory relief against the county, seeking a declaration that the recorded homestead exemption takes priority over the tax liens. ■ On motion of the taxpayers the trial court entered a summary judgment against the county, declaring in substance that the homestead exemption was superior to the tax liens and the latter were subject to the exemption created by the homestead declaration. The facts are not in dispute, and the question is solely one of law.

The county invokes the general rule that tax liens take priority over prior recorded homesteads (Rev. & Tax. Code, § 2192.1; *Morrison* v. *Barham* (1960) 184 Cal.App.2d 267, 272 [7 Cal.Rptr. 442]) and asserts that it is immaterial that the taxes were for personal property not situated on the real property, citing *California Loan etc. Co.* v. *Weis* (1897) 118 Cal. 489 [50 P. 697], and *Hampe* v. *Philipp* (1930) 210 Iowa 1243 [232 N.W. 648].

However, irrespective of what general principles may be applicable in other contexts, the specific statute (Rev. & Tax. Code, § 2191.4; see fn. 1) which authorizes the lien with which we are here concerned expressly and unambiguously answers the question. It states in pertinent part: "The lien has the force, effect, and priority of a judgment lien and continues for 10 years from the time of the recording of the certificate unless sooner released or otherwise discharged."

The lien created under Revenue and Taxation Code section 2191.4 is treated as a judgment lien. (*In re Trinity Tractor Co.* (1970) 3 Cal.App.3d 428, 442-443 [83 Cal.Rptr. 783]; *C. I. T. Corporation* v. *United States* (N.D.Cal. 1972) 344 F.Supp. 1272, 1276.) A judgment lien does not take priority over a prior recorded declaration of homestead. (Civ. Code, §§ 1240, 1241; *Putnam Sand & Gravel Co.* v. *Albers* (1971) 14 Cal. App.3d 722, 725-726 [92 Cal.Rptr. 636]; *Clausseneus* v. *Anderson* (1963) 216 Cal.App.2d 171, 174-175 [30 Cal.Rptr. 772]. See also *Provisor* v. *Nelson* (1965) 234 Cal.App.2d Supp. 876, 877 [44 Cal.Rptr. 894].) It follows that a prior recorded homestead takes precedence over a tax lien under Revenue and Taxation Code section 2191.4 since such a lien is treated as a judgment lien.

The legislative intent is clear and explicit, leaving no latitude for judicial construction or arguments relative to general principles of tax law in situations not expressly covered by statute.

The judgment is affirmed.

Gargano, J., and Franson, J., concurred.