[Department One — May 30, 1883.]

## PATRICK CARROLL ET AL., RESPONDENTS, *v.* EDWARD ELLIS. APPELLANT.

HOMESTEAD — DESTRUCTION OF RIGHT BY CONVEYANCE OF AN UNDIVIDED INTEREST. — In 1865, the defendant and his wife, who had filed a declaration of homestead upon certain premises, conveyed to third persons an undivided one half thereof. *Held*, that as at that time, a homestead right could not attach to lands held in common, or by joint tenancy, the homestead right became thereby destroyed.

ID. — Such right is destroyed notwithstanding the undivided moiety was, at the same time, and as a part of the same transaction, reconveyed to the husband. There was a period of time, however short, during which the title to the undivided one half was vested in the third persons.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

In 1864, the defendant Edward Ellis and his wife filed a declaration of homestead upon the premises in controversy. In 1865, they executed a deed of conveyance of the undivided one half of said premises, in conjunction with other property, to

Thomas B. Howard and W. H. Ladd, and Howard and Ladd, at the same time, and as a part of the same transaction, reconveyed to defendant Edward Ellis the same undivided one half. This last named conveyance was the only consideration for the first. There was no change of possession. In 1875, the defendant Edward Ellis executed and delivered a mortgage upon the premises to secure a note payable to the plaintiffs. The note was not paid at maturity, and this action was brought to foreclose the mortgage.

*E. A. & G. E. Lawrence*, for Appellants.

The lower court held that by virtue of the conveyance, the homestead right was abandoned. This is assigned for error. The case of *Kellersberger* v. *Kopp*, 6 Cal. 563, does not sustain the ruling of the court. There the occupant of the homestead only owned the undivided one half of the premises. Here defendants never parted with the title or possession, and were always owners of the whole. The homestead was not lost by a simple exchange of deeds. (*Eby* v. *Foster*, 61 Cal. 282.)

*Frank & Carson*, and *J. D. Sullivan*, for Respondents.

As a husband and wife may, by joining in a conveyance, destroy a homestead right already acquired by selling the whole, so they may equally destroy it by selling or conveying a part of it, if it be done in the shape of an undivided moiety, so as to turn the estate into a tenancy in common ; and when it has been thus destroyed no question of homestead can be raised against a *bona fide* creditor. (*Kellersberger* v. *Kopp*, 6 Cal. 563; *Bishop* v. *Hubbard*, 23 Cal. 517 ; *Elias* v. *Verdugo*, 27 Cal. 425 ; *Seaton* v. *Son*, 32 Cal. 481.)

Such a conveyance clearly invalidates the homestead. (*Ashley* v. *Olmstead*, 54 Cal. 616 ; *Grogan* v. *Thrift*, 58 Cal. 378.)

A homestead cannot be carved out of land held in joint tenancy or by tenancy in common. (*Elias* v. *Verdugo*, 27 Cal. 418; *Wolf* v. *Fleischacker*, 5 Cal. 244; *Reynolds* v. *Pixley*, 6 Cal. 165; *Giblin* v. *Jordan*, 6 Cal. 416; *Seaton* v. *Son*, 32 Cal. 481.)

PER CURIAM.— When the several transactions between these

parties occurred a homestead right could not attach upon lands held in common, or by joint tenancy. (*Kellersberger* v. *Kopp*, 6 Cal. 563; *Bishop* v. *Hubbard*, 23 Cal. 517; *Elias* v. *Verdugo*, 27 Cal. 418.)

And in *Kellersberger* v. *Kopp*, 6 Cal. 565, it was held: "As husband and wife may, by joining in a conveyance, destroy a homestead right already acquired, so they may equally destroy it by selling and conveying a part of it, if it be done in the shape of an undivided moiety, so as to turn the estate into a tenancy in common; and when it has been thus destroyed, no question of homestead can be raised against a creditor."

The court below found, that, ten years prior to the execution by the husband of the mortgage sought to be foreclosed in this action, "the defendant, Edward Ellis, and his said wife, Kate Ellis, made and executed a deed of conveyance to the undivided one half of said premises, . . . . to Thomas B. Howard and William H. Ladd."

It is urged by appellant that the homestead right was not destroyed by such conveyance, because the court also found "and the said Thomas B. Howard and Willian H. Ladd at the same time, and as part of the same transaction, executed to the defendant Edward Ellis, a conveyance of the same undivided half of said premises."

There can be no doubt, however, there was a period of time, however short, during which the title to the undivided one half was vested in Howard and Ladd.

Judgment and order affirmed.