[No. 15349.    Department Two.—December 19, 1893.]

## IN THE MATTER OF THE ESTATE OF JOHN VANCE, DECEASED.

ESTATES OF DECEASED PERSONS—PROBATE HOMESTEAD—CONVEYANCE BY WIDOW—ESTOPPEL.—Where the will of a decedent gave to the widow a cash legacy, but no further interest in the estate, a conveyance by her of all her interest in the estate both as legatee under the will and as an heir at law in case the will should be set aside conveys no interest in the land if the will is not set aside, and does not estop her from claiming a probate homestead, the right to which does not constitute any interest in the land.

ID.—CONSTRUCTION OF CONVEYANCE.—A conveyance is to be construed in view of all the facts, and general language in the first part of the instrument is limited and qualified by subsequent terms designed solely to define what interest is possessed and granted.

APPEAL from a judgment of the Superior Court of Humboldt County setting apart a probate homestead to the widow of the deceased.

The facts are stated in the opinion.

*E. W. Wilson,* for Appellants.

*A. J. Monroe,* for Respondent.

Temple, C.—This appeal is from an order setting apart a probate homestead to the widow of deceased.

John Vance died testate, leaving a widow and two sons, issue of a former marriage. There were no minor children.

The will was duly admitted to probate, but, subsequently, S. A. Vance, one of the sons of the testator, inaugurated a contest, and asked that the probate be revoked.

The value of the estate exceeded one million of dollars.

The will gave the widow fifty thousand dollars in cash, but no further interest in the estate.

The grounds of the contest do not appear, nor what part, if any, the widow took in it. Apparently she would have been greatly benefited by having the will defeated. However, while the contest was pending, S. A. Vance paid her fifty thousand dollars, the amount of her legacy, and took from her an instrument in writing, as follows:

" This indenture, made and entered into this sixteenth day of June, 1892, witnesseth: That I, Phœbe A. Vance, the widow of John Vance, deceased, for and in consideration of the sum of fifty thousand dollars, gold coin, to me in hand paid by Silas Albert Vance, the receipt of which sum is hereby acknowledged, do hereby grant, bargain, sell, assign, transfer, and convey unto the said Silas Albert Vance, his heirs and assigns, all my right, title, claim, and interest of every kind and nature of, in, and to the real and personal property belonging to the estate of said John Vance, deceased. This is a conveyance of all my right, title, claim, and interest of, in, and to the said estate of said John Vance, deceased, both as a legatee under the last will and testament of said John Vance, deceased, and as a conveyance of all my right, title, claim, and interest of, in, and to said estate of said

John Vance, deceased, as the widow and heir at law of said John Vance, deceased, in the event of the last will and testament of said John Vance, deceased, being set aside by the decree of a court of competent jurisdiction.

"In witness whereof I have hereunto set my hand and seal the day and year first above written."

At the same time both sons of testator, who were beneficiaries under the will, executed to her the following:

"In the superior court of the county of Humboldt, state of California. In the matter of the estate of John Vance, deceased.

"We, and each of us, hereby consent and agree that the family allowance heretofore made by said court to Phœbe A. Vance, widow of said decedent, shall continue during such time as the court may direct and order, it being understood that the conveyance this day made by Mrs. Phœbe A. Vance to Silas Albert Vance, of her interest in the estate of John Vance, deceased, shall not affect her right to said family allowance.

"EDGAR H. VANCE.
"S. ALBERT VANCE.

"June 16, 1892."

The contest seems to have been dismissed soon after, for it appears that the executors paid S. A. Vance the fifty thousand dollars.

The executors then applied to the court to have the allowance to the widow revoked, on the ground that she had then no interest in the estate, and no longer needed it.

Partly in response, apparently, to this application, she applied to have the exempt property set apart to her, and to have a probate homestead set apart for her use.

The court refused to discontinue the allowance, and proceeded to admeasure to her a probate homestead, which, it is found, is worth not to exceed five thousand dollars.

It is now contended that the instrument executed by the widow should prevent her from obtaining a probate homestead, as by that she conveyed the right to S. A.

Vance, or waived it for a valuable consideration, and is estopped from claiming a homestead. Whether there was a sufficient consideration to support a conveyance by the widow of her interest in the estate beyond her right to the legacy, which virtually was paid, need not be considered. She received for it only what she was entitled to under the will; and though she conveyed it to S. A. Vance, the record shows that E. H. Vance also participated in the transaction. It would indeed be no very violent conclusion to suppose that the fifty thousand dollars paid her by S. A. Vance was the same money received by S. A. Vance from the estate; but that is not material.

The first part of the instrument executed by her is sufficient in form to convey her interest in the land, if she had any. But she had no interest whatever, unless her right to have a probate homestead admeasured to her constituted an interest in the estate. *In re Moore*, 57 Cal. 437, it was expressly decided that this right did not constitute an interest in the land. Had the will been set aside she would have been the owner of a one-third interest.

The instrument is to be construed in view of all the facts. The learned judge of the probate court held that the general language in the first part of the instrument is limited and qualified by what follows, which seems designed solely to define what her interest in the estate was. I think this construction correct.

In consideration of the payment of the legacy by S. A. Vance she assigned to him her right to receive it from the estate, and to make it more secure she conveyed to him her right as heir in case the legacy should fall by the revocation of the will. As the will was not revoked, she has conveyed no interest in the estate.

If this transaction had been with one who had no interest in the estate the deed, if it be one, could have had no further effect. As the transaction was really with her stepsons, who took all the residue of the estate, and

as she had no claim save as legatee, the purpose of the transaction is unmistakable.

I think, therefore, it is not necessary to decide whether a widow who has conveyed the estate of her husband after his death by a deed of bargain and sale, there being no minor children, can afterwards claim and have admeasured to her a probate homestead.

I advise that the order be affirmed.

VANCLIEF, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion the order is affirmed.

McFARLAND, J., FITZGERALD, J., DE HAVEN, J.