**SHARP, Adm'x, v. JONES et al.**

No. 23817.    April 9, 1935.

D. E. Foley and J. C. Cornett, for plaintiff in error.

Hamilton & Howard, for defendants in error.

GIBSON, J.    Plaintiff in error was defendant, and defendants in error were plaintiffs below. They will be referred to herein as they appeared in the trial court.

Clara S. Dillon, at the time of her death, was the owner of certain real property located in the town of Fairfax, Okla.; she died February 9, 1919, leaving as her heirs the plaintiffs and G. W. Dillon, her husband. Her estate was probated in the county court of Osage county, and the property in question was set apart by the court to G. W. Dillon as his homestead "during his lifetime." Dillon continued to occupy the premises until his death in 1931; the plaintiffs, heirs of Clara S. Dillon, filed a claim with the defendant, the administrator of the estate of G. W. Dillon, for waste committed by Dillon to the homestead property. The claim was disallowed and suit thereon commenced in the district court of Osage county to establish said claim. Judgment was entered for the plaintiffs, from which judgment the defendant appealed.

Defendant seeks reversal of the judgment mainly upon the ground that the plaintiffs' petition failed to allege facts sufficient to constitute a cause of action. The petition alleges that Dillon was a life tenant and as such committed waste in certain particulars to the damage of the owners of the reversionary interest. Defendant takes the position that Dillon was not a life tenant; that he was a homestead occupant, and not being a life tenant, he could not be guilty of waste. It is the theory of the defendant that the owner of an estate less than a freehold cannot be guilty of waste. Authorities are presented to the effect that the statutory homestead "is not a life estate or any interest in the property"; that it is merely "the right to continue to possess and occupy the premises as his home." It has been

so held. (Pence v. Cole, 85 Okla. 69, 205 P. 172.)

The effect of the homestead statute, section 1223, O. S. 1931, is to grant to the surviving spouse the right to occupy the homestead premises during his or her life. The right is exclusive, and is purely optional with the spouse. Whether it is an estate of freehold or an estate for years is not material to the issues of the present case. It is the duty of the life tenant or tenant for years to protect the land from injury to the freehold. 1 Tiedeman, Real Property, sec. 75; I Washburn, Real Property, sec. 270; Lawley et al. v. Richardson et al., 101 Okla. 40, 223 P. 156.

In Lawley et al. v. Richardson et al., cited above, this court said:

"It is unnecessary for a determination of this case to attempt to accurately determine the nature of the homestead right. It is sufficient to say that, under our Constitution and statutes, the widow and minor children have the right under the homestead law to use and enjoy the premises, with the rents and profits therefrom during the time it is used and occupied as a homestead, and that the homestead occupants are not entitled to permit waste, nor to injure or to permit injury to be done to the estate of the reversion. * * *"

The petition in the present case alleged that plaintiffs were heirs of Clara S. Dillon, and that they were the owners of the reversionary interest in the real property in question; that G. W. Dillon occupied the premises as a tenant under the homestead statute, and that Dillon had negligently allowed the property to depreciate and become in a poor state of repair, to the damage of the property. The evidence in support of the allegations was uncontradicted. The case was tried to the court without the intervention of a jury. The petition and the evidence introduced thereon support the judgment of the court.

The judgment is therefore affirmed.

McNEILL, C. J., and RILEY, BUSBY, and PHELPS, JJ., concur.