[Civ. No. 6460. Third Appellate District.—December 9, 1940.]

JOSEPHINE ARIGHI et al., Respondents, v. RULE & SONS, INC. (a Corporation), et al., Defendants; MERCHANTS FINANCE CORPORATION (a Corporation), Appellant.

Eugene K. Sturgis for Appellant.

Clarence N. Riggins for Respondents.

TUTTLE, J.—This is an appeal from a judgment quieting title in respondents. Appellant, Merchants Finance Corporation, filed an answer to the complaint setting up a judgment procured against the deceased husband of Josephine Arighi, and claiming that such judgment constituted a lien against the real property described in the complaint. Judgment by default was entered against the other defendants who have not appealed.

Title to the property involved in this action vested in Theodore Arighi and Josephine Arighi, husband and wife, and was community in character. On March 5, 1923, a declaration of homestead was filed thereon by Josephine Arighi

as the wife of Theodore. A deed was executed on May 23, 1933, by said Theodore and Josephine Arighi, conveying the property to their children. The deed reserved a *life estate* in the grantors during the life of Josephine Arighi. A right to revoke the deed in whole or in part was also reserved by both grantors and to Josephine Arighi alone, if she survived her husband.

Appellant obtained a *renewal* judgment against Theodore Arighi on November 28, 1934, a prior judgment against him having been obtained by Rule & Sons, Inc., its assignor. A certified copy of appellant's judgment was recorded on December 5, 1934, and on July 30, 1937, the property was levied upon under the judgment. A petition for appointment of appraisers for the purpose of subjecting the property to execution under section 1245 of the Civil Code, relating to execution against homesteads, was filed by appellant on August 3, 1937. On August 23, 1937, a *second* petition was filed by appellant praying that the court adjudge that the conveyance of the property by deed in 1933 operated as an abandonment of the homestead, and that the interest of Theodore Arighi in said property be subjected to the execution levied. Both petitions were denied.

The present action, to quiet title, was commenced on September 30, 1938. The judgment quieted title in respondents, and decreed that appellant had no right, title, claim, lien, nor interest of any kind in the real property.

It is contended by appellant that its judgment of 1934 became a lien upon the *life estate* of Theodore Arighi, and that the title should be quieted, subject to the lien of said judgment. It is also urged that the deed of conveyance of 1933 was void as to appellant, in so far as the property conveyed was in excess of the $5,000 homestead exemption, and that the court erred in denying its motion for the appointment of appraisers under section 1245 of the Civil Code.

Respondents made a motion for permission to introduce additional evidence at the time of oral argument before this court. The motion is hereby granted, as we believe such additional evidence, which consists of certified copies of certain records, is material to the proper disposition of this appeal. The records consist of a certified copy of the judgment roll and register of actions in the case of *Rule & Sons, Inc., Plaintiff,* v. *Theodore Arighi, Defendant,* and a certified copy of

the record of a levy of execution on the property involved in this action under a writ of execution issued in the former action. Said record shows that no petition for the appointment of appraisers under section 1245 of the Civil Code was filed by Rule & Sons, Inc., the original judgment creditors.

Appellant's first contention is that the deed of conveyance to the children constituted an abandonment of the homestead. It may be assumed that if such conveyance constituted an abandonment of homestead, the life interest reserved by Theodore and Josephine Arighi would be subject to execution under appellant's judgment. Section 1243 of the Civil Code provides as follows:

"A homestead can be abandoned only by a declaration of abandonment, or a grant thereof, executed and acknowledged:

"1. By the husband and wife, if the claimant is married;

"2. By the claimant, if unmarried."

The question arises from the fact that while we have here a "grant" of the homestead property, the grantors reserve a *life estate* therein. Does this constitute an "abandonment" under the foregoing section, or will the homestead still attach to the life estate? So far as we can ascertain, the question has never been squarely decided in this state or elsewhere. "Estates of inheritance and for life are called estates of freehold." (Civ. Code, sec. 765.) "An estate during the life of a third person, whether limited to heirs or otherwise, is a freehold." (Civ. Code, sec. 766.) The right to *acquire* a homestead in property in which the claimant has a life estate is settled law at this time. (89 A. L. R. 521, note 111.) Furthermore, as a general rule, a fee simple in the land is not necessary for the establishment of a homestead, as the homestead right is not an estate in the *land,* but a mere *privilege* of exemption from execution of such estate as the holder occupies. (*Spencer* v. *Geissman,* 37 Cal. 96 [99 Am. Dec. 248]; *Alexander* v. *Jackson,* 92 Cal. 514 [28 Pac. 593, 27 Am. St. Rep. 158].) Once the homestead has been created, the objects of the law require that, as a matter of social policy, it be protected to the fullest extent. "Although homestead rights are purely creatures of statute, it has been frequently stated that the homestead statute should be given a liberal construction in favor of the exemption, because it is a remedial and beneficent law, and has an object of humane character. A more exact statement

856

of the rule is that the statute is to be construed strongly to protect the homestead, and the right of a creditor to take the homestead on forced sale will be strictly limited to the instances specified therein.'' (13 Cal. Jur., p. 426, sec. 10.) As we view it, the grantors here retained an estate in the land sufficient to support the existing homestead, and we do not deem that the conveyance of the fee to the children of the grantors, with a reservation of a life estate, constituted a ''grant'' of the homestead within the meaning of the provisions of section 1243 of the Civil Code. An examination of the cases in which it has been concluded that the grant effected an abandonment of the homestead, discloses (with the exception of those cases where the conveyance created a *joint tenancy* or *tenancy in common*), that the grantor or grantors have divested themselves of *all property interests* to which the homestead was attached. The circumstances in *Kellersberger* v. *Kopp,* 6 Cal. 563, and in the case of *Carroll* v. *Ellis,* 63 Cal. 440, cited by appellant, disclose an attempt by a husband and wife to preserve the homestead in land which they held in *joint tenancy* or as *tenants in common* with *others.* The grant by the husband and wife in both cases was held to have destroyed the homestead. In the case of *First Trust & Savings Bank* v. *Warden,* 18 Cal. App. (2d) 131 [63 Pac. (2d) 329], wherein was cited the last two mentioned cases, the deed of conveyance therein consisted of an *absolute grant* of *all interest* held by the grantors. There was nothing contained in the deed which might indicate the grantors intended the reservation of any interest in the property to which the homestead was attached. The appellant relies upon the case of *The Bank of Suisun* v. *Stark,* 106 Cal. 202 [39 Pac. 531]. There the grantors ''reserved to themselves the right to live in and occupy the residence now occupied by them and situated upon the premises above described.'' Such reservation is not one of a life estate, but a mere personal privilege. It did not leave a *freehold* interest in the grantors. Under it they could not lease the property or mortgage their interest in the same. The latter rights are attributes of a life estate. (21 C. J., p. 960, sec. 96, and p. 963, sec. 100.) The court properly held that the grantors parted with all interest in the title, and that such conveyance was therefore a ''grant'' within the purview of the homestead law, and constituted an abandonment of the homestead.

■ The other contention of appellant is that, although the homestead was not extinguished, it had the right to have the property sold under the execution. Section 1245 of the Civil Code reads as follows:

"When an execution for the enforcement of a judgment obtained in a case not within the classes enumerated in section 1241 is levied upon the homestead, the judgment creditor may at any time within sixty days thereafter apply to the superior court of the county in which the homestead is situated for the appointment of persons to appraise the value thereof, and if such application shall not be made within sixty days after the levy of such execution, the lien of the execution shall cease at the expiration of said period, and no execution based upon the same judgment shall thereafter be levied upon the homestead."

If it exceeds in value the homestead exemption of $5,000, the court may order it partitioned or sold under the execution. (Civ. Code, secs. 1253, 1254.) The record shows that the original judgment creditor did not comply with the section quoted. It is not contended that he did. However, appellant, his assignee, did file such a petition, and it was denied. The ruling was proper. The failure on the part of Rule & Sons, Inc., to perfect their levy of execution by a filing of petition for appointment of appraisers within sixty days after the levy, had the effect of extinguishing the lien of the execution, and precluding any subsequent levy of execution against the homestead property based upon that same judgment. (*Palen* v. *Palen,* 28 Cal. App. (2d) 602 [83 Pac. (2d) 36] ; *Magneson* v. *Pacific Mfg. Co.,* 26 Cal. App. 52 [146 Pac. 69].)

■ There is no merit in the contention of appellant that the conveyance of 1933 was in fraud of creditors, or was void as to the excess of the homestead exemption. As fully pointed out, the right to execute upon this homestead property, by following the necessary proceedings on execution against homesteads, was a right held by Rule & Sons, Inc., which they relinquished by their failure to file the necessary petition. Even though the deed of conveyance had been executed prior to the obtaining of the judgment by Rule & Sons, Inc., in 1924, such conveyance would not have been in fraud of creditors. The only right of such judgment creditor was to reach the excess over the amount of the $5,000 exemption, by appropriate procedure.

Other points raised by appellant lack sufficient merit to warrant further discussion.

The judgment is affirmed.

Pullen, P. J., and Thompson, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 8, 1941, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 6, 1941.