KEMP et al. v. TURNBULL et al.

No. 32037. Oct. 15, 1946.

Rehearing Denied Nov. 26, 1946.

*174 P. 2d 384.*

H. A. Ledbetter, of Ardmore, and J. L. Wheeler, of Durant, for plaintiffs in error.

A. H. Ferguson and Roy B. David, both of Durant, for defendants in error.

HURST, V.C.J. This is a suit to quiet title to a 160-acre tract of land in Bryan county. The land was the homestead allotment of Roberson Kemp, a full-blood Choctaw Indian, and was occupied by him and his wife as a constitutional homestead at the time of his death, and thereafter his wife, Melissa Kemp, continued to possess and occupy the land as a probate homestead until her death. A short time prior to his death on April 2, 1922, Roberson Kemp, who had no surviving child or parent, executed a will under which he devised to his wife, Melissa Kemp, a life estate and one-third of the fee title in and to the land herein involved and his other property and he devised to Walter J. Turnbull, a two-thirds interest in the land and his other property subject to the life estate of Melissa Kemp. He bequeathed to his brother, Levi Kemp, and to a niece and the children of a deceased niece $1 each. On April 13, 1922, Melissa Kemp filed a petition for probate of the will and thereafter Walter J. Turnbull filed a petition joining in the request that the will be probated. E. O. Clark, Choctaw National Attorney, and Levi Kemp, brother of Roberson Kemp, filed separate contests asking that the will be not probated. One of the grounds of contest was that the will was not acknowledged before a Judge of the United States Court, a United States commissioner, or a judge of the county court as required by section 23 of the Act of Congress of April 26, 1906, 34 Stat. L. 137, at 145, as amended by section 8 of the Act of Congress of May 27, 1908, 35 Stat. L. 312, at 315. On May 18, 1922, the court made an order admitting the will to probate and appointing Melissa Kemp as executrix of the will. Melissa Kemp failed to qualify as such executrix, and Walter J. Turnbull thereafter filed a petition for the appointment of himself as administrator with the will annexed, and on October 20, 1923, Walter J. Turnbull was appointed as such adminis-

trator. On February 27, 1926, after notice was duly given, the county court entered a final decree approving the final account of the administrator and setting over to Walter J. Turnbull and Melissa Kemp the interests devised and bequeathed to them in the will. No appeal was taken from said order or from any of the prior orders in the probate cause. Walter J. Turnbull died intestate on March 29, 1936. Melissa Kemp died intestate March 27, 1941. On March 24, 1943, Walter J. Turnbull, Jr., Beaulah M. Davis, nee Turnbull, and Turner B. Turnbull, heirs at law and grantees of one of the heirs at law of Walter J. Turnbull, deceased, commenced this action against the heirs of Melissa Kemp, deceased, to quiet title to an undivided two-thirds interest in said land, for determination of heirship, and for partition of said land. The defendants and certain interveners filed an answer alleging that the will of Roberson Kemp, deceased, was void in so far as it related to said land for the reason that it disinherited his wife, Melissa Kemp, in that it did not devise to her a one-half interest in said land which she would have inherited had Roberson Kemp died intestate, the will not having been acknowledged by the testator before and approved by a proper officer as required by the Acts of Congress, above cited. At the trial, the will was introduced in evidence and it does not have endorsed on it any certificate of acknowledgment before an officer authorized to take such acknowledgments.

The record shows that Melissa Kemp was, at the time of the death of Roberson Kemp, 44 years of age and had a life expectancy of 26.3 years. The plaintiffs introduced evidence to the effect that the life estate plus one-third fee interest devised to Melissa Kemp was equal in value to a full one-half fee interest in the land. The court made findings of fact and conclusions of law to the effect that the interest devised to Melissa Kemp was equal in value to a full one-half interest in the land and

that there was no proof, other than the original will, that the will was not acknowledged before and approved by one of the officers designated by the Acts of Congress, above cited. The court found that the will was valid and also that the defendants and interveners are barred by the 15-year statute of limitations. The court accordingly entered judgment in favor of the plaintiffs, finding that they owned an undivided two-thirds interest in the land, determining the names and identity of heirs of Walter J. Turnbull and Melissa Kemp and the proportions owned by each, and directing that the land be partitioned. From that judgment the defendants and interveners have appealed.

Under 84 O.S. 1941 §213(2) one-half the property belonging to Roberson Kemp would have been inherited by his wife, if he had died intestate.

A will of a full-blood Indian devising real estate "disinherits the parent, wife, spouse or children" under the Acts of Congress, above cited, only if the interest so devised is of less value than the interest such person would have inherited if the testator had died intestate. Hayes v. Thornsbrough, 180 Okla. 357, 69 P. 2d 664; Coats v. Riley, 154 Okla. 291, 7 P. 2d 644; Copeland v. Johnson, 101 Okla. 228, 224 P. 986.

To satisfy the requirements of said Acts of Congress, the certificate of acknowledgment must appear on the will, and the fact of acknowledgment cannot be proved by parol. Davis v. Williford, 271 U. S. 484, 70 L. Ed. 1048.

The defendants and interveners contend that the life estate devised to Melissa Kemp had no value to her since she already had the right to possess and occupy the homestead during her natural life, and that the interest devised to her was less than she would have taken by inheritance, and that, consequently, the will was invalid under the Acts of Congress, above cited.

The plaintiffs argue that the life estate given by the will is different from the homestead right and that the life

estate had a value despite the fact that Melissa Kemp possessed the homestead right, and that the county court had jurisdiction to determine whether in fact Melissa Kemp was partially disinherited by the will, and that its determination that she was not disinherited cannot be collaterally attacked.

We are dealing here with the probate homestead right conferred upon the surviving spouse by 58 O.S. 1941 §311, and not with the constitutional homestead provided for in article 12 of the State Constitution. While the authorities in the other jurisdictions are divided on the question of whether the homestead right constitutes an estate in land, the diversity of views being largely based upon a difference in the constitutional or statutory provision of the various states, we are committed to the rule that it does not, but that it is a mere personal right or privilege or individual right, distinct from the interest which the surviving spouse takes in the land constituting the homestead by inheritance or devise, and that it is merely a right to continue to possess and occupy the property as a home, which may be lost by abandonment or terminated by any one of many different ways. Bacus v. Burns et al., 48 Okla. 285, at 296, 149 P. 1115; Pence, Ex'r, v. Cole, 85 Okla. 69, at 76, 205 P. 172; Sharp v. Jones, 171 Okla. 471, 43 P. 2d 427; Karbs v. Bouse, 195 Okla. 23, 154 P. 2d 968; Lusk v. Carter Oil Co. of West Virginia, 172 Okla. 508, 53 P. 2d 656. Since the homestead right to continue to possess and occupy the homestead is personal to the surviving spouse, and is dependent on continued occupancy by the surviving spouse, it is not alienable, separate and apart from an estate in the land, so as to confer upon the grantee the possessory rights of the surviving spouse. 26 Am Jur. 78, §122; 29 C. J. 1037, note 9; 40 C.J.S. 803, note 20. On the other hand, the life estate devised to Melissa Kemp did constitute a freehold estate in the land which was not dependent upon continued occupancy by the devi-

see and was subject to sale or transfer separate and apart from the one-third interest in the fee devised to her. 60 O.S. 1941 §§22, 26; 19 Am. Jur. 518. It follows that the life estate devised to Melissa Kemp was something different from the homestead right.

The question, then, as to the validity of the will depends upon whether the interest devised to Melissa Kemp is equal, in value, to the interests she would have inherited if the testator had died intestate.

The attack upon the final decree by the heirs of Melissa Kemp constitutes a collateral attack. May v. Casker, 188 Okla. 448, 110 P. 2d 287; 34 C.J. 520; 31 Am. Jur. 204. The county court had jurisdiction to determine the value of the life estate and whether Melissa Kemp was disinherited so as to render the will void as to the disposition made of the land under said federal acts. The final decree is silent as to whether such determination as to value was made. But since the county court sustained the will and made distribution according to its terms, we must conclusively presume, on this collateral attack, that such determination was actually made. And since the court had jurisdiction to make such determination, the decree is valid, however erroneous in fact it may have been. A judgment is not subject to collateral attack on the ground that it is erroneous in fact where the court has jurisdiction to make the determination. See Porter v. Hansen, 190 Okla. 429, 124 P. 2d 391, and cases there cited.

Since we hold that the decree of the county court sustaining the validity of the will and making distribution under it is not subject to the collateral attack made upon it, we need not consider the plaintiffs' contention that the defendants and interveners are barred by limitations.

Judgment affirmed.

GIBSON, C.J., and OSBORN, BAYLESS, WELCH, and DAVISON, JJ., concur. RILEY, J., dissents.

RILEY, J. (dissenting). I cannot agree that the homestead right of a surviving spouse, as provided by law, sec. 1, art. 12, Const. of Okla., 58 O.S. 1941 §311, is not an estate in land. It is for life and a freehold. 60 O.S. 1941 §26. Constitutionally, it consists of not more than 160 acres of rural land and not to exceed 1 acre of urban land and not less than ¼ acre of land without regard to value. The homestead, insofar as rents and profits are concerned, is given the same status as an estate for life. Tarman v. Pierce, 168 Okla. 348, 33 P. 2d 203. In Hembree v. Magnolia Petroleum Co., 176 Okla. 524, 56 P. 2d 851, we held it is "a valuable right in land". Nor can I agree that this interest in land may not be separated and alienated from an inherited or devised real property. The widow "is legally entitled to assign any and all of the rents and profits arising from the land . . . and this right is independent of the fee ownership during the continuance of the homestead interest". Hembree v. Magnolia Petroleum Co., supra.

One spouse may not, by the devise of a will, alienate the homestead from the other. 84 O.S. 1941 §213, para. 2. This is a statutory limitation upon the right to devise, by will, the homestead. Carothers v. Carothers, 196 Okla. 640, 167 P. 2d 899.

Therefore, the will of Roberson Kemp, deceased, was ineffective to divest his widow of any part of the homestead. However, that issue of law may be, since the homestead is a valuable right in land, that value is comparable to the value of a life estate. Its value must be deducted from the value of life estate in the homestead, devised to the widow, to ascertain whether more in value (one-half) of testator's estate was sought, by the will of deceased, to be alienated from her. The statute of wills, applicable again, limits the devise in value to the portion that would not vest in the widow under succession. 84 O.S. 1941 §213. The law vested the widow with a homestead right in the land. That right belonged to the surviving spouse by operation of law. Therefore, in determining the value of the estate of deceased, for ascertainment of the interest that might have been devised to some other than the surviving spouse, the life estate may not be valued without consideration and deduction of the homestead's value. These limitations on the right to make a will, appearing on the face of the record, rendered the will void.

The distinction drawn between a so-called probate homestead and a homestead provided by Constitution (art. 12) is mere fiction. A homestead is not *"dependent on continued occupancy* by the surviving spouse". We have held "The right to the homestead by the minor children is not dependent upon the actual possession and occupancy of the land by them". Rockwood v. Estate of St. John, 10 Okla. 476, 62 P. 277. The rule is the same with adults. Land once possessed of a homestead character continues as such until intentionally abandoned; minors "may neither waive nor abandon their right to a homestead". Id. Land may be impressed with a homestead character, independent of occupancy. All that is required is an intention coupled with some overt act. According to the statute, as amended in 1925, the homestead is subject to testamentary disposition *only* to the other spouse. "No person shall by will dispose of property which could not be by the testator alienated, encumbered or conveyed while living; except that *the homestead may be devised by one spouse to the other".* 84 O.S. 1941 §44. This court uniformly holds that no spouse, alone, while living, may convey the homestead or any part of it from the other. A will is merely a final declaration of disposition of property, revocable during testator's lifetime, but effective upon the happening of the event, death. As to the homestead, it is a conveyance, limited and restricted. 16 O.S. 1941 §4. These statutes contain both prohibitions and provisions applicable to the homestead. 16 O.S. 1941

§6. The right to make a will is a creature of statute. It is within the legislative province to safeguard conveyance of the homestead by any one person in view of a family interest vested in it.

The judgment should be reversed.