[Civ. No. 24356. Second Dist., Div. Three. Aug. 30, 1960.]

PATRICIA BARHAM MORRISON, Respondent, v.
ARLINE C. BARHAM, Appellant.

268

Joseph P. Rinnert for Appellant.

Anderson, McPharlin & Connors and Robert C. Haase, Jr., for Respondent.

VALLÉE, J.—Appeal by defendant Arline C. Barham from a judgment for plaintiff in a suit for declaratory relief.

The question is this: Is a wife to whom a homestead has been assigned for her life by a decree of divorce obligated to pay the taxes on the property assigned as a homestead?

Defendant, while married to Dr. Frank F. Barham, recorded a declaration of homestead on his separate property. Subsequently she obtained an interlocutory decree of divorce on the ground of extreme cruelty. The decree assigned the homestead, limiting it to a portion of the property described in the declaration, to her for the remainder of her natural life.[1] The

---

[1]The pertinent part of the decree reads: ''The court does hereby and herewith assign to the plaintiff, for the remainder of her natural life, the Declaration of Homestead evidenced by a Declaration of Homestead recorded by the plaintiff in the office of the County Recorder of the County of Los Angeles, on the 17th day of August, 19[illegible], in Book 21757, Page 433, but only as to the real property described as Lot 19 Division 20 Region 36, official Map of Los Angeles County, State of California,

marriage was dissolved by final decree. The decree assigning the homestead was never modified. It was affirmed on appeal.[2]

During his lifetime Dr. Frank F. Barham paid the taxes which were assessed to him on the property as a whole, including the portion assigned to defendant as a homestead. Dr. Barham died testate August 6, 1953. On his death, the property was assessed to the executor of his will for the fiscal years 1956-1957 and 1957-1958; and in 1958, on the 1958-1959 tax bill, it was assessed to plaintiff. Dr. Barham's interest in the property was distributed to plaintiff by decree of partial distribution on November 2, 1956. Taxes were not paid for the last half of 1956-1957 and for subsequent years. Defendant rented the property to others for the three years prior to the trial. Plaintiff brought this suit, joining the county assessor, because of a controversy as to who is liable for payment of the taxes.

The court decreed payment of the taxes on the homestead assigned to defendant by the decree of divorce was the duty and obligation of defendant and ordered her to pay all delinquent and future taxes during her lifetime, including penalties and interest; it decreed plaintiff has no duty or obligation but has the right to pay them, and on her payment of any portion, she shall have a lien for the amount paid which may be foreclosed against the rights of defendant. The judgment was in favor of the county assessor, in effect denying plaintiff's prayer that the court order him to assess all property taxes against defendant during her lifetime.

Defendant's appeal is predicated largely on the decree of divorce. She contends that inasmuch as the husband, as owner of the property, was liable for taxes prior to the decree, he remained liable thereafter. She argues that since the question was not raised in the divorce action, it cannot now be raised by the heirs of the husband.

In construing a decree assigning a homestead, it must

filed in Book I, Page 76 et seq, Official Maps in the office of the County Recorder, Los Angeles County, and all the buildings and structures thereon, and the right of ingress and egress thereto over the existing road which leads therefrom to the nearest public street and traverses the adjacent and adjoining land of the defendant, all of said land being in the County of Los Angeles, State of California.

"It being further adjudged, that all of the real property described in the said Declaration of Homestead is the separate property of the defendant, subject to the Declaration of Homestead heretofore assigned to the plaintiff."

[2]*Barham* v. *Barham*, 33 Cal.2d 416 [202 P.2d 289].

be presumed the court intended to keep within its powers,[3] and the decree must be read in the light of the law applicable to the dissolution of a marriage. In the divorce action the court was empowered to order the offending husband to pay the taxes on the homestead under the general provision which empowers the court to compel the party against whom the decree was granted to make suitable allowance for the other party's support and maintenance.[4] The court was also empowered to enforce such order by resort to the separate property of the husband.[5] However, there was no such order in the decree. ▇▇▇ To be effective, an order which could be enforced by contempt proceedings against the husband or which could subject his separate property to a lien must necessarily be directed expressly to him in the divorce decree. ▇▇▇ In any event, an order to pay taxes on the homestead would be an order for alimony, and the right to unaccrued alimony stops with the death of the party directed to pay.[6] We must therefore conclude that any reference to the divorce decree is immaterial inasmuch as any personal obligations imposed on Dr. Barham by the decree, if it be so construed, terminated on his death. The decree properly disposed of the community property and the homestead; it did not and could not affect the separate property of the husband in any respect other than assignment of the homestead.[7] Reference to the divorce decree furnishes no solution to the problem.

At the time the decree of divorce was rendered, where a homestead had been selected from the separate property of the husband, and where the decree was rendered on any ground other than incurable insanity, Civil Code, section 146, provided "it shall be assigned to the former owner of such property, subject to the power of the court to assign it for a limited period to the party to whom the divorce is granted."[8] The limited period could be for the natural life of the innocent party.[9] The underlying title was in Dr. Barham until his death, and in plaintiff, his heir or devisee thereafter, subject to the assigned homestead.[10]

---

[3]*Neary* v. *Godfrey*, 102 Cal. 338 [36 P. 655].

[4]Civ. Code, § 139.

[5]Civ. Code, § 141.

[6]*Hamilton* v. *Hamilton*, 94 Cal.App.2d 293, 298 [210 P.2d 750].

[7]Civ. Code, § 146.

[8]Civ. Code, § 146.

[9]*Barham* v. *Barham*, 33 Cal.2d 416, 432 [202 P.2d 289].

[10]See "Disposition of Homestead Upon Divorce or Death" by James F. Healey, 29 Los Angeles Bar Bulletin 131 and 169.

It is true, as defendant says, that the object of the homestead laws is to protect the holder in the right to preserve the home, both from his own improvidence and also from the rapacity of creditors; and that such statutes are to be liberally construed.[11] However, the beneficent object of the homestead laws does not answer the problem.

In California all property must be taxed unless an exemption is authorized by the state Constitution or granted by the laws of the United States.[12] It is taxable in proportion to its value, and the word "property" includes all matters and things capable of private ownership.[13] "Possessory interests" are defined as possession of, claim to, or right to the possession of land.[14] For the purpose of taxation, the right to possession of land is classified as "real property."[15] The assessor must assess all taxable property "to the persons owning, claiming, possessing, or controlling it."[16] The term "owner" may include others than the possessor of legal title, and is often used to designate a person in legal possession.[17] A possessory interest is property taxable to the person in possession.[18] The liability of homestead property for taxes does not differ from that of other property. The state, county, or city, as the case may be, proceeds against it as though there were no exemption law in existence. There is none either in the Constitution or the statutes. The general homestead exemption from "debts" may not be invoked to defeat claims against the holder for taxes and assessments against the homestead property.[19] The homestead is taxable.

[11]*Keyes* v. *Cyrus,* 100 Cal. 322, 324 [34 P. 722, 38 Am.St.Rep. 296]; *Marelli* v. *Keating,* 208 Cal. 528, 531 [282 P. 793]; *Yager* v. *Yager,* 7 Cal.2d 213, 219 [60 P.2d 422, 106 A.L.R. 664]; *Estate of Kachigian,* 20 Cal.2d 787, 791 [128 P.2d 865]; *Thorsby* v. *Babcock,* 36 Cal.2d 202, 204 [222 P.2d 863]; *Estate of Claussenius,* 96 Cal.App.2d 600, 612 [216 P.2d 485]; *Johnson* v. *Brauner,* 131 Cal.App.2d 713, 719 [281 P.2d 50].

[12]*Lundberg* v. *County of Alameda,* 46 Cal.2d 644, 648 [298 P.2d 1].

[13]Const., art. XIII, § 1; Rev. & Tax. Code, § 201.

[14]Rev. & Tax. Code, § 107.

[15]Rev. & Tax. Code, § 104.

[16]Rev. & Tax. Code, § 405.

[17]46 Cal.Jur.2d 674, § 164.

[18]*San Pedro etc. R. R. Co.* v. *Los Angeles,* 180 Cal. 18, 20-25 [179 P. 393].

[19]26 Am.Jur. 75, § 117. In 25 Cal.Jur.2d 371, § 59, it is said: "The general rule appears to be that the homestead exemption may be invoked to defeat a claim of the state or of the United States. The general rule is not applicable, however, to claims against the owner for taxes, or to assessments against the homestead property itself. Thus, where the title

Plaintiff asserts the homestead is an estate for life and taxable as such under Civil Code, section 840,[20] and consequently defendant has all the duties and obligations incident to such ownership, enjoyment, and profit from the land. Defendant says the homestead is not an estate for life and consequently is not taxable to her; that it "is purely a possessory interest"; and that plaintiff, as the owner of the underlying title, is obligated to pay the taxes on the property as a whole.

An estate for life is an estate in real property.[21] It is an estate of freehold.[22] Defendant does not have a freehold interest in the land;[23] in California a homestead does not constitute an interest in land.[24] A homestead cannot, in an absolute sense, be said to be an estate in land; the law creates none and leaves the fee as before, but in substance declares that the right of occupancy shall not be disturbed while the homestead character exists.[25] An estate for life may, a homestead may not, be alienated.[26]

Tiffany says:

"The courts have sometimes spoken of the homestead right as an 'estate' in land. While the widow's homestead, as before explained, frequently has the characteristics of an estate, it is difficult to understand how the right of an owner of particular land to hold such land exempt from liability for debts can be in any sense an 'estate'; and even in states where the statute expressly declares that it is an 'estate,' a new meaning must, it would seem be given to the latter term, in order that the provision may have any real significance. That the homestead right

to a homestead of community property vests in a widow on her husband's death, the property is liable for the state inheritance tax. A homestead is also subject to a lien for the appropriate share of the cost of street work assessed on property fronting on the street. And since exemptions prescribed by state law are ineffective against liens for federal taxes, such taxes assessed against a bankrupt constitute liens in favor of the federal government on all the bankrupt's property, including his interest in a homestead."

[20]Civ. Code, § 840: "The owner of a life estate must keep the buildings and fences in repair from ordinary waste, and must pay the taxes and other annual charges, and a just proportion of extraordinary assessments benefiting the whole inheritance."

[21]Civ. Code, § 761.

[22]Civ. Code, § 765.

[23]*Arighi* v. *Rule & Sons, Inc.*, 41 Cal.App.2d 852, 856 [107 P.2d 970].

[24]*In re Vance*, 100 Cal. 425, 428 [34 P. 1087].

[25]*Johnston* v. *Bush*, 49 Cal. 198, 201.

[26]31 Cal.Jur.2d 324, § 14; 16 Cal.Jur.2d 601, § 301.

274

is not an estate has been quite frequently asserted judicially."[27]

The interest of the assignee of a homestead assigned in a divorce action is purely personal in its nature; it is not an interest that can be sold or that can be levied on by execution or one that can be inherited.[28] Speaking of a homestead declared by a wife on the separate property of her husband, the court in *Warner* v. *Warner*, 144 Cal. 615 [78 P. 24], said (p. 618):

"The only effect of declaring a homestead thereon was to exempt it from execution or forced sale in satisfaction of judgments against him, and to restrain him from alienating the property without her consent. As the property was his separate property, by her declaration of homestead she acquired no estate or proprietary interest therein which she could assert adversely to him, but merely secured the right to a home therein during the common lifetime of herself and her husband."[29]

*Rich* v. *Ervin*, 86 Cal.App.2d 386, 390 [194 P.2d 809], characterizes a homestead as a "privilege in real property, which is distinct, clear and above the normal right of ownership." A homestead may be acquired in property in which the claimant has an estate for life,[30] which obviously negatives the idea that a homestead assigned for life is itself an estate for life. We hold the homestead assigned in the divorce action is not an estate for life.

While a homestead assigned for life under the authority of section 146, subd. (Four) of the Civil Code is not an estate for life, it has many of the attributes of such an estate. The spouse to whom the homestead is assigned has rights in the homestead property for the duration of his life. He has a right to the undisturbed use, possession, and enjoyment of the property for life, which right is substantially the same as that of the owner in fee; he is entitled to exclusive possession of the

[27]5 Tiffany, Law of Real Property, 3d ed., 139, § 1332. Also see *Black* v. *Curran*, 14 Wall. 463 [20 L.Ed. 849]; *McDonald* v. *Crandall*, 43 Ill. 231, 238 [92 Am.Dec. 112]; *Little's Guardian* v. *Woodward*, 77 Ky. 585, 588; *Carrigan* v. *Rowell*, 96 Tenn. 185 [34 S.W. 4, 6].

[28]*Neary* v. *Godfrey*, 102 Cal. 338, 343 [36 P. 655].

[29]Also see *Gee* v. *Moore*, 14 Cal. 472, 476; *Smith* v. *Bangham*, 156 Cal. 359, 365 [104 P. 689, 28 L.R.A. N.S. 522]; *Arighi* v. *Rule & Sons, Inc.*, 41 Cal.App.2d 852, 855 [107 P.2d 970]; *Rich* v. *Ervin*, 86 Cal.App.2d 386, 390 [194 P.2d 809]; *Holmes* v. *Grange etc. Fire Ins. Assn.*, 102 Cal.App.2d 911, 917 [228 P.2d 889]; *Kemp* v. *Turnbull*, 198 Okla. 27 [174 P.2d 384, 386].

[30]*Arighi* v. *Rule & Sons, Inc.*, 41 Cal.App.2d 852, 855 [107 P.2d 970].

property for life; he has a right to the fruits of the property; he has the remedies necessary to protect his interest, to recover damages at law, to secure an injunction in the proper cases against a trespasser or a person maintaining a nuisance, to recover the property from an adverse possessor. The holder of the underlying title has no right of possession or enjoyment while the homestead exists. These are all characteristics of an estate for life.[31] ■■■ The quality which the law gives to the tenure by which a homestead is held consists in the restrictions placed on the power of the owner of the underlying title to alienate or encumber it and its exemption from forced sale in satisfaction of judgments.[32]

■■■ We are of the opinion that the interest vested in defendant is more nearly analogous to an estate for life than to any other to which it may be likened. She has all the rights we have enumerated during her life. In fact, she has rented the property and is enjoying the income.

In other jurisdictions it is generally held that it is the duty of the holder of a homestead to pay the taxes on the homestead land.[33] Tiffany says:

"Taxes likewise are usually made enforceable against the homestead, either by the terms of the homestead law or the provisions in regard to sales of land for taxes."[34]

A reasonable inference from the fact that defendant rented the homestead property for three years immediately prior to the trial is that the taxes can be met by applying income which the property yields. ■■■ It is of course defendant's duty to so maintain the property that it will not pass to the owner of the underlying title permanently reduced in value. ■■■ We hold the obligation of defendant to pay the taxes on the homestead property is the same as that of the owner of an estate for life. The statute expressly provides the owner of an estate for life must pay the taxes on the property subject to the estate for life.

As stated earlier, taxes for the fiscal years 1956-1957 and 1957-1958 were assessed to the executor of Dr. Barham's will and for 1958-1959 to plaintiff. Defendant contends the court

[31] 31 Cal.Jur.2d 389, § 44 et seq.

[32] *Merced Bank* v. *Rosenthal*, 99 Cal. 39, 48 [33 P. 732].

[33] *Roberts* v. *Miller*, 173 Ark. 38 [291 S.W. 814, 815]; *Schowe* v. *Kallmeyer*, 323 Mo. 899 [20 S.W.2d 26, 29]; *Medford* v. *Mathis*, 176 Miss. 188 [168 So. 607]; *Sargeant* v. *Sargeant* (Tex. Civ. App.), 19 S.W.2d 382, 385-386; *Shell* v. *Duncan*, 31 S.C. 547 [10 S.E. 330, 332, 334].

[34] 5 Tiffany, Law of Real Property, 3d ed., 152, § 1336.

erred in giving plaintiff judgment for taxes assessed for the fiscal years 1956-1957 and 1957-1958 when the property was not assessed to plaintiff until 1958. She says there was no evidence plaintiff paid the taxes for those years but in fact they were paid by the executor of Dr. Barham's will. Defendant is in error in stating the taxes for those years were paid by the executor. The parties expressly stipulated "That no real property taxes assessed against the real property described in plaintiff's complaint herein have been paid since the payment made on or about December 1, 1956, by plaintiff, which paid the first installment of the 1956-1957 real property taxes levied against said real property," and the court found the taxes for those years were unpaid and were liens on the property. The fact that the taxes for those years were assessed to the executor is of no consequence.[35]

Affirmed.

Shinn, P. J., and Ford, J., concurred.