C. R. WOOD, Emma Campbell, and Wilma R. Wood, Plaintiffs in Error,

v.

Goldie BIGGS, Defendant in Error.

No. 40882.

Supreme Court of Oklahoma.

Dec. 6, 1966.

Rehearing Denied Jan. 24, 1967.

Marvin T. Johnson, Tulsa, and Sandlin & Daugherty, Holdenville, for plaintiffs in error.

Stevenson, Huser & Huser, Holdenville, for defendant in error.

PER CURIAM:

The facts in this case were stipulated by the parties litigant. From this stipulation it appears that on February 13, 1911, while A. A. Biggs and his wife, Lavada, were living together as man and wife, the said A. A. Biggs purchased and took title in his name alone to the Southeast Quarter of Section 6, Township 8 North, Range 10 East, Hughes County, Oklahoma. Biggs and his family moved on to said real estate and maintained their home thereon until Lavada's death on November 19, 1945. They were the parents of several children, all of whom were adults at the time of Lavada's death. A. A. Biggs continued in the possession of the land after Lavada's death, and married Goldie Curry on November 23, 1948, and had no children by her. Biggs and his second wife, Goldie, occupied this land as their home until his death on June 27, 1962. Biggs left a will which was admitted to probate in and by the County Court of Hughes County, Oklahoma, on August 15, 1962, and his son-in-law C. R. Wood was appointed executor and was acting in that capacity during the present litigation.

The County Court set aside the above described real estate to Goldie Biggs, the second wife, as her probate homestead, and allowed her certain exempt personal property out of the assets of said estate. Two of the adult children by the first wife, and the executor, C. R. Wood, appealed to the District Court; that Court affirmed the order of the County Court setting aside the probate homestead to Goldie, and from this order of the District Court, the two adult children of the first wife, and the executor of the estate of A. A. Biggs, deceased, perfected this appeal.

The sole question herein presented may be stated as follows: Does a second wife have a probate homestead on the death of her husband, in real estate occupied by them as their home, the title to which is and always has been in the husband alone, where it had also been the home of the husband and his deceased wife during her lifetime?

Art. 12, secs. 1 and 2 of the Oklahoma Constitution, and Tit. 31 O.S.1961, §§ 1 and 2, define the "constitutional" homestead and exempt the same from forced payment of the debts of the head of a family, or any person owning the land and residing thereon, except the holders of expressly enforceable liens. This is an exemption granted by law for the benefit of the family occupying the property as a home. State Nat. Bank v. Lokey, 112 Okl. 82, 240 P. 101 and Pettis v. Johnston, 78 Okl. 277, 190 P. 681. See also Whelan v. Adams, 44 Okl. 696, 145 P. 1158, L.R.A.1915D 551.

Tit. 58 O.S.1961, § 311, defines a probate homestead and reserves the same to the surviving husband or wife, exempt from probate proceedings on the estate of the deceased spouse, in real estate which the husband and wife occupied as a home before the death of either. This is a personal and individual right of the surviving spouse to continue to occupy the homestead, and is not an interest in testator's property, nor subject to testamentary disposition. Kemp v. Turnbull, 198 Okl. 27, 174 P.2d 384; In re Cole's Estate, 85 Okl. 69, 205 P. 172.

Both the "constitutional" and the "probate" homesteads are creatures of law of the State of Oklahoma; they are two distinct policies of the State that should not be confused. Mercer v. Mercer, Okl., 365 P.2d

554; Bowers v. Gardner, 122 Okl. 26, 250 P. 490.

■ Under the stipulated facts, A. A. Biggs purchased and took title to the land in his name alone and retained title in his name alone at all times. The children of the first marriage were all adults and were living to themselves when Lavada died, so that the rights of the parties are not affected by the existence of minor children. The sole right that Lavada ever had in the land was a personal and individual constitutional homestead right. Taylor v. Campbell, 139 Okl. 110, 281 P. 243. This right terminated when she died. 40 C.J.S. Homesteads § 276, and authorities there cited. See also Kemp v. Turnbull, and In re Cole's Estate, both supra. In view of the fact that Lavada was not the survivor of the marriage, the "probate" homestead never came into existence. A. A. Biggs continued in possession of the land by virtue of his title thereto and not by reason of any "probate" homestead. This is shown by Mercer v. Mercer, supra. In that case, Ford Mercer and his first wife, Frances S. Mercer, acquired and held title to the land occupied by them as a home as joint tenants, the survivor to take all. Frances S. Mercer, the first wife, died February 25, 1957, and Ford Mercer, the surviving husband, became the sole owner of the real estate by reason of being the surviving joint tenant. Ford Mercer and an adult son continued to occupy the property as their home. On May 15, 1958, Ford Mercer married Helen. They occupied the property as their home a short time, and then Ford and Helen went to Ethiopia and while there, Ford died. The County Court set this property aside to Helen as a probate homestead. The two adult children appealed to the District Court from this order, and, on trial de novo, the District Court affirmed the order of the County Court. The two adult children appealed to this Court, and in affirming the judgment and order of the District Court, we said (365 P.2d p. 556):

"Under the above stated law the fee-simple title to the property was vested in Ford upon the death of Frances. His possession and occupancy of the property was by virtue of his title and not by reason of any probate homestead. Neither the property nor any interest therein constituted a part of the estate of Frances. Under the circumstances no probate homestead came into being. This was the situation at the time of the marriage of Ford and Helen. The probate homestead granted to Helen in Ford's estate was not superimposed or given in any existing probate homestead."

■ The plaintiffs in error cite the cases of In Re Musselman's Estate, 167 Okl. 560, 31 P.2d 142, In re Richard's Estate, Okl., 294 P.2d 818, and Brown v. Wilson, Okl., 386 P.2d 152, and contend that the holding in these cases supports their contention, and that these cases are directly in point. An examination of these cases discloses that the surviving spouse was granted a homestead right in the estate of her deceased first spouse. After the death of the spouse to whom this homestead right had been granted, the second spouse claimed a homestead right in the land which had been set aside as a homestead to the first spouse. These are cases where the second spouse sought to superimpose a homestead on a homestead, and are not in point with the case at bar.

In accord with the foregoing the judgment of the District Court is affirmed.

The Court acknowledges the services of Frank Nesbitt, who with the aid and counsel of Duke Logan and W. E. Maddux, as Special Masters, prepared a preliminary advisory opinion. These attorneys had been recommended by the Oklahoma Bar Association and appointed by the Court. The Chief Justice then assigned the case to Blackbird, J., for review and study, after which and upon consideration by the Court, the foregoing opinion was adopted.