[L. A. No. 11155.   In Bank.—June 13, 1931.]

HELEN M. GERLACH et al., Respondents, v. JONATHAN Y. COPELAND et al., Appellants.

Jonathan Y. Copeland and Emma K. J. Copeland, *in pro. per.*, for Appellants.

Sargent, Cate & Colver for Respondents.

SHENK, J.—This is an appeal from a judgment for the plaintiffs in an action to quiet their title to three lots or parcels of land situate in that part of the city of Los Angeles known as Venice.

Chronologically the salient facts are the following:

In 1910 the defendant, Emma K. J. Copeland, by deed from her husband acquired as her separate property the parcels involved. In July, 1914, when her son, the defendant Jonathan Y. Copeland, was a minor, aged about eleven, Emma K. J. Copeland made and recorded a declaration of homestead covering said parcels of land. In 1920 the property was sold and conveyed to one Albert Stanley by the city treasurer of the city of Venice for nonpayment of certain street assessment liens. Thereafter in the same year Albert Stanley commenced an action in the Superior Court of Los Angeles County against Emma K. J. Cope-

land and her husband to quiet his title to said parcels of land. In April, 1921, there was duly entered a decree quieting Stanley's title to said property, which decree has since become final. Subsequently and in September, 1921, the defendant Emma K. J. Copeland, executed a mortgage on said parcels to the defendant, Jonathan Y. Copeland, in the sum of $3,500 and caused the same to be recorded. In March, 1924, Albert Stanley and his wife duly conveyed said property for a valuable consideration to the plaintiffs herein. The plaintiffs brought this action in February, 1928, against both Emma K. J. Copeland and her son, the defendant Jonathan Y. Copeland, to remove the cloud thus cast upon their title.

It is not questioned by the defendants that the Stanleys and their successors were in open, notorious and adverse possession of said property and paid all of the taxes assessed against it since 1921. The trial court so found and based its conclusions as well upon the adverse possession for a period of more than five years immediately preceding the commencement of the action herein. Also it is conceded that the decree quieting title obtained by Albert Stanley in 1921 is conclusive upon any claim attempted to be asserted by the defendant, Emma K. J. Copeland, and this being so the defendant Jonathan Y. Copeland could claim nothing by virtue of the mortgage executed to him by his mother after the decree in the former action had become final. Nevertheless the defendants urged that that decree cannot foreclose any interest of the defendant Jonathan Y. Copeland acquired by virtue of the declaration of homestead made and filed by the defendant Emma K. J. Copeland, and that the trial court erred in rejecting the proffer of said declaration of homestead in evidence in the case.

It is obvious that the declaration of homestead neither created nor vested any present title or interest in the minor son at the time the declaration was made and that any interest to which he might become entitled would be by virtue of the provisions of section 1265 of the Civil Code, i. e., by succession as an heir. Other questions pertinent to the title at the time of the decree in the former action, that is to say, whether the proceedings on the tax sale were valid or whether such proceedings could legally foreclose the rights of the defendant Emma K. J. Copeland

under the declaration of homestead, are questions which it must be presumed were adjudicated in that action (15 Cal. Jur., p. 159 et seq.; *Estate of Clark*, 190 Cal. 354, 360, [212 Pac. 622]), and the trial court properly concluded that evidence relating to such matters was inadmissible.

The judgment is affirmed.

Richards, J., Seawell, J., Langdon, J., and Preston, J., concurred.