244 F.2d 897
 57-1 USTC P 9654
 MAULE INSUSTRIES, Inc., Captol Indemnity Insurance Company
and Jefferson Construction Company, Appellants,
v.
Laurie W. TOMLINSON, as District Director of Internal
Revenue for the District of Florida, Appellee.
 No. 16408.
 United States Court of Appeals Fifth Circuit.
 May 9, 1957.
Rehearing Denied June 25, 1957.
Opinion as Modified on Denial of Petition for Rehearing.
 
 Ernest J. London, Miami, Fla., Henry L. Balaban, Miami, Fla., of counsel, for appellants.
 George F. Lynch, Atty., Dept. of Justice, Washington, D.C., Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, A. F. Prescott, Washington, D.C., E. David Rosen, Asst. U.S. Atty., Miami, Fla., James L. Guilmartin, U.S. Atty., Miami, Fla., on the brief, for appellee.
 Before TUTTLE, JONES and BROWN, Circuit Judges.
 JONES, Circuit Judge.
 
 
 1
 The appellee, District Director of Internal Revenue for the District of Florida, levied upon construction materials as the property of Pierce Contractors, Inc., which was indebted to the United States for unpaid taxes. The appellants, three corporations, procured the release of the seized property by the deposit with a bank as escrow agent of the sum of $12,737, the agreed value of the property, under an agreement which provided that unless either the appellants or appellee authorized the escrow agent to pay the fund over to the other it should be paid, at the expiration of sixty days, to the appellee as District Director. The agreement stipulated that it should not be construed as a waiver or impairment of any of the legal rights or remedies which the appellants might have 'in pursuing the litigation of the issue of the property ownership or priority of liens of the various parties claiming title to the above stated seized property in any appropriate court or tribunal.' The sixty days passed and the escrow agent paid the fund to the District Director on November 29, 1955. The District Director paid the fund into the United States Treasury on December 5, 1955. Suit was brought by the three corporations, appellants here, against the appellee District Director in the United States District Court for the Southern District of Florida. The complaint alleged, in the alternative, that title to the seized materials was in one or another of the appellants, the escrow agreement was pleaded and attached as an exhibit and judgment was sought for the amount of the escrowed fund. The appellee moved to dismiss the complaint. The district court granted the motion and in the order of dismissal recited that the appellee was not a proper party, that the proceedings involved property in which the United States has an interest, and it has not consented to be sued in the district court for an amount in excess of $10,000.
 
 
 2
 The appellants are before us urging that the action is not one involving property in which the United States has an interest. By their brief filed with us they state their position as 'seeking to obtain restitution from the defendant, individually, for his unlawful and wrongful conduct;' and on this theory, appellants claim, the payment of the unlawfully exacted funds into the Treasury does not relieve the Director of his wrongful act. Federal jurisdiction is asserted on the ground that the action arises under the Internal Revenue laws of the United States and the provisions of that law must be construed and applied in determining the case. As the appellee was acting under pretended authority, so the appellants contend, and as his authority was derived from the laws of the United States, its courts are the forum for the determination of his liability. Thus it appears that the appellants, disclaim any intention to litigate any right or claim of right of the United States except as may be incidental to a determination of the individual liability of the appellee; they concede the necessity of regarding the action as one arising under the revenue laws. The appellants attempt nicely to balance themselves upon a tight rope between the lack of jurisdiction of the court over the subject matter on the one side and lack of jurisdiction over the United States as a necessary party on the other. Their efforts failed to convince the judge of the district court that it had jurisdiction and we are likewise unpersuaded.
 
 
 3
 There is no longer any doubt but that where a District Director of Internal Revenue has levied upon property belonging to one person in order to satisfy the tax liability of another, the true owner may obtain from the United States district court an injunction against the District Director to prevent the sale of such property, and that, as the owner is not the taxpayer involved, such relief is not prohibited by 26 U.S.C.A. § 7421. Tomlinson v. Smith, 7 Cir., 1942, 128 F.2d 808; Raffaele v. Granger, 3 Cir., 1952, 196 F.2d 620; Holland v. Nix, 5 Cir., 1954, 214 F.2d 317.
 
 
 4
 The levy was made by the appellee pursuant to his statutory powers. 26 U.S.C.A. § 6331. The complaint asserted the levy was made pursuant to a tax lien against Pierce Contractors, Inc. Appellants, in their complaint, assert title in themselves but do not, unless by implication, deny the validity of the Government's Upon the levy being made the appellants did not test its legality, as might have been done. Instead they entered into an escrow agreement which provided for the payment of the fund to the appellee in his capacity as District Director. The District Director received the funds as payment upon the tax liability of Pierce Contractors, Inc. It was the duty of the appellee to remit these funds into the United States Treasury, 26 U.S.C.A. § 7809. This duty was performed. By the agreement it was stipulated that it should not operate as a waiver or impairment of the appellants, rights or remedies 'in pursuing the litigation of the issue of the property ownership or priority of liens * * * in any appropriate court or tribunal'. The issue which the appellants seek to litigate is the validity of the lien of the United States, and it was the right to litigate that issue which was reserved to the appellants in the execution of the escrow agreement. Having the right to seek injunctive relief against the appellee, and having foregone that right and having paid to an escrow agent, which in turn paid to the appellee, the agreed value of the property seized, we think the appellants cannot put the appellee in the position of having incurred a personal liability for the amount which he received and paid out. The agreement recites that the release of the seized property was desirable in order that work on a construction project might not be delayed, and that the deposit was made under protest, but it is apparent that the appellee was in no way responsible for the necessities of the appellants which induced them to make the payment rather than to avail themselves of the judicial remedy that they might otherwise have then invoked. The agreement recited 'that the furnishing of said sum shall constitute a substitution for said property under seizure' and 'that said sum shall represent the seized property'. If the appellants had a cause of action against the appellee, as they say this is, to obtain 'restitution from the defendant for his unlawful conduct', that cause of action ceased to exist when the plaintiffs made their payment in consideration of the release of the lien asserted on behalf of the United States.
 
 
 5
 If this be nothing more than a suit against Tomlinson individually for damage incurred by the appellants as a result of his wrongful act in the taking of their property then there may be some difficulty in sustaining Federal jurisdiction. No diversity of citizenship is alleged. In such a case it can well be urged that there is no claim arising under the laws of the United States and it has been so held in Johnston v. Earle, 9 Cir., 1957, 245 F.2d 793. If the alleged cause of action be one of which the Federal courts have no original jurisdiction the right of removal given to the appellee by 28 U.S.C.A. § 1441 would not, of course, dispense with the necessity to institute the action in a state tribunal.
 
 
 6
 We assume it is the appellants' contention that they had rights in the seized property which prevented the attaching of any lien for the taxes of Pierce Contractors, Inc., or which were paramount to such lien, although such position is not very artfully set forth in the complaint. If the assumption be correct there is an issue submitted which cannot be resolved without a determination of whether the plaintiffs had title to the seized property and whether the United States had a lien upon it; and if both, which was paramount. The questions, in the aggregate, are a Federal question and one which the Federal courts can adjudicate. United States v. Acri, 348 U.S. 211, 75 S.Ct. 239, 99 L.Ed. 264; United States v. Liverpool & London & Globe Insurance Co., 348 U.S. 215, 75 S.Ct. 247, 99 L.Ed. 268.
 
 
 7
 The very contentions which the appellants bring to bear in maintaining a right to proceed in a Federal court refute their arguments that the action is properly brought against the appellee individually. In the escrow agreement it was stated that the appellants 'dispute the interest of the United States in the seized property'. It is the interest of the United States that they must successfully dispute in order to prevail in the claim that they would assert for the amount that they have paid to obtain a release of the seized property. That dispute can only be determined in a cause to which the United States is a party. The rule applicable, we think, is that which the Supreme Court thus stated:
 
 
 8
 'The action of an officer of the sovereign (be it holding, taking or otherwise legally affecting the plaintiff's property) can be regarded as so 'illegal' as to permit a suit for a specific relief against the officer as an individual only if it is not within the officer's statutory powers or, if within those powers, only if the powers, or their exercise in the particular case, are constitutionally void.' Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 701, 69 S.Ct. 1457, 1467, 93 L.Ed. 1628.
 
 
 9
 The statutory power of a District Director of Internal Revenue to make levies and sales in the performance of the duty of collecting revenues is not questioned. Nothing done in the case before us suggests that the exercise of the Director's powers in this particular case is constitutionally void.
 
 
 10
 The appellants invoke the jurisdiction of the district court under the statute which gives original jurisdiction to Federal district courts of 'any civil action arising under any Act of Congress providing for internal revenue'. 28 U.S.C.A. § 1340. The action is not one for the recovery of a tax erroneously or illegally assessed or collected. It is rather a suit for the determination of the rights reserved in the escrow agreement, the ownership of property, or the priority of liens, and such questions in a suit against the United States could be submitted to and determined by the district court. The question, one involving the validity and priority of a tax lien of the United States, is to be brought under 28 U.S.C.A. § 2410, which permits actions against the United States for the foreclosure of liens upon or quieting title to property upon which the United States has or claims a lien. Seattle Association of Credit Men v. United States, 9 Cir., 1957, 240 F.2d 906. Such a suit could be maintained, the statute of limitations permitting, even though the lien has been released, since the right to litigate its validity has been preserved.
 
 
 11
 For the reasons here expressed, we approve the dismissal of the action by the district court.
 
 The order of dismissal should be and is
 
 12
 Affirmed.
 
 On Petition for Rehearing
 
 13
 PER CURIAM.
 
 
 14
 By petition for rehearing the appellants have urged, among other things, that we failed, in our holding that no claim for relief was stated, to apply Rule 20, Fed.Rules Civ.Proc. 28 U.S.C.A. which permits plaintiffs to assert rights to relief in the alternative. This portion of our opinion was not necessary to the decision. Since the question was not raised or urged either in the district court or before us, we now conclude that its consideration should be deferred until squarely presented. Therefore, we delete and withdraw from our opinion that portion thereof reading as follows: 'There is, however, another ground which we think would require dismissal. The three appellants, in their complaint, allege, and their whole claim of right is predicated upon the allegation, that
 
 
 15
 'The title to the materials in question was, at the time of the levy of execution, in plaintiff, Maule Industries, Inc.; or, in the alternative, in plaintiff, Capitol Indemnity and Insurance Company, or, in the alternative, in plaintiff, Jefferson Construction Company.'
 
 
 16
 An averment so framed is repugnant to any theory that the appellants have any joint cause of action. The allegation, however construed, must be regarded as a statement that two of the appellants have no claim but without saying which two. It cannot be regarded as saying that any designated one of the three was claiming the title. So framed, the complaint does not state a claim upon which relief can be granted. Rule 12, Fed.Rules Civ.Proc. The question of misjoinder of parties plaintiff under Rule 21, Fed.Rules Civ.Proc. is not reached when no right is stated in any of the plaintiffs, nor is there involved any right to assert inconsistent claims. See Rule 8(e)(2), Fed.Rules Civ.Proc. The action must be brought by the real party in interest. Rule 17, Fed.Rules Civ.Proc. To be a party plaintiff one must have a remedial interest in the cause of action which the court may recognize and enforce. If any one of the three plaintiffs is a real party in interest or is possessed of a remedial interest, the other two are not and the complaint does not show that either of them has a right which the court can recognize and enforce.'
 
 
 17
 With the opinion thus modified, the petition for rehearing is
 
 
 18
 Denied.