331 F.2d 493
 64-1 USTC P 9421
 Robert SHAW and Joan Helen Shaw, Appellants,
v.
UNITED STATES of America and Robert A. Riddell, Collector of
Internal Revenue for the Sixth Internal Revenue
Collection District of California, Appellees.
 No. 18855.
 United States Court of Appeals Ninth Circuit.
 April 16, 1964.
 
 Ernest R. Mortenson and Eugene Harpole, Pasadena, Cal., for appellant.
 Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Joseph Kovner, George F. Lynch, and Fred B. Ugast, Attys., Dept. of Justice, Washington, D.C.
 Francis C. Whelan, U.S. Atty., Loyal E. Keir, Asst. U.S. Atty., Chief, Tax Section, Herbert D. Sturman, Asst. U.S. Atty., Los Angeles, Cal., for appellees.
 Before BARNES, HAMLEY and BROWNING, Circuit Judges.
 HAMLEY, Circuit Judge:
 
 
 1
 In this action Robert Shaw and his wife, Joan Helen Shaw, seek injunctive and other relief against the United States and the District Director of Internal Revenue, Sixth District, California (Director). In a first cause of action Mr. Shaw seeks to have a tax assessment adjudged void and to enjoin collection of the tax. In a second cause of action, Mrs. Shaw seeks to quiet title in certain property as against the United States. She also seeks to have cancelled, removed and set aside a federal tax lien, notice of which was filed in connection with the tax assessed against her husband.
 
 
 2
 The district court denied plaintiff's motion for a preliminary injunction and granted defendants' motion to dismiss the complaint as to both causes of action. Viewing this order as a final judgment dismissing the suit, plaintiffs appeal.
 
 
 3
 The tax which is at the root of Robert Shaw's claim consists of a penalty in the amount of $6,515.62. It was assessed against him on August 13, 1962, pursuant to section 6672 of the Internal Revenue Code of 1954 (Code), for wilful failure to collect, account for and pay over taxes of employees of Columbia Trailer Company, withheld from wages. A notice of a federal tax lien in that amount was recorded in the office of the County Recorder of Orange County, California. No notice of deficiency was sent to the taxpayer prior to the assessment of the deficiency.
 
 
 4
 The theory of Robert Shaw's claim is that the director was not authorized to assess this penalty until he complied with the deficiency-notice procedures of sections 6212 and 6213 of the Code. Defendants, regarding this claim as solely one to enjoin the Director from collecting the tax, moved to dismiss it on the ground that, under section 7421(a) of the Code, the district court is without jurisdiction to restrain the assessment or collection of such a tax.
 
 
 5
 Opposing this motion, Shaw argued that this court held, in Granquist v. Hackleman, 9 Cir., 264 F.2d 9, that a tax assessed under section 6672 of the Code must be preceded by a statutory deficiency notice provided for in sections 6212 and 6213 of theCode. This being true, Shaw argued, injunctive relief is permissible under section 6213(a), which provides, in effect, that notwithstanding the provisions of section 7421(a), the making of an assessment or the beginning of a proceeding or levy under section 6213(a), without first having sent a deficiency notice 'may be enjoined by a proceeding in the proper court.'
 
 
 6
 The defendants contended, and the district court held, that a tax assessed under section 6672 is not subject to the deficiency notice procedures provided for in sections 6212 and 6213, and that the section 6213(a) exception to the section 7421(a) prohibition against suits to enjoin the assessment or collection of certain taxes is therefore inapplicable. The parties renew their respective contentions in this court.
 
 
 7
 The deficiency notice requirements as set forth in sections 6212(a) and 6213(a) are limited to subtitle A (income taxes, sections 1-1552) and subtitle B (estate and gift taxation, sections 2001-2524). The assessment here in question was made under section 6672 of the Code, which is part of subtitle F. It relates to taxes required to be withheld by the employer from the wages of the employee under section 3402, which is in subtitle C of the Code. It would therefore appear that the deficiency notice requirements of sections 6212 and 6213 apply to assessments other than those made under section 6672.
 
 
 8
 This view is confirmed when consideration is given to the purpose served by deficiency notices. Such notices are a part of the procedure to be followed in cases where the taxpayer is entitled to a redetermination of the deficiency before the Tax Court. See section 6213(a) of the Code; 9 Mertens, Law of Federal Income Taxation, 49.210. Since the Tax Court's jurisdiction is limited to income and profits taxes, estate taxes and gift taxes (section 7442 of the Code), there is no occasion for deficiency notices where the tax is of another kind, such as a penalty assessed under section 6672 for wilful failure to collect, account for and pay over taxes withheld from wages. See Enochs v. Williams Packing & Nav. Co., 370 U.S. 1, 2, 82 S.Ct. 1125, 8 L.Ed.2d 292.
 
 
 9
 Further confirmation of this view is to be found in Enochs v. Green, 5 Cir., 270 F.2d 558. The court there held that the District Director could not be enjoined from assessming a penalty under provisions of section 2707(a) of the Internal Revenue Code of 1939[1] on the ground of failure to issue the deficiency notice, because the deficiency notice requirements of section 272(a) of the Code of 1939 related only to income taxes, those of section 870 related only to estate taxes, and those of section 1011 related only to gift taxes.[2] It was observed that no similar provisions are to be found with regard to withholding taxes. The court held that the absence of express provision for such notice was an indication of legislative intent that section 2707 assessments be made without compliance with any deficiency notice procedures.
 
 
 10
 Shaw relies upon our decision in Granquist v. Hackleman, 9 Cir., 264 F.2d 9, as authority for his position that the assessment made under section 6672 could not be made unless a deficiency notice had been issued. This decision did not involve an assessment under section 6672 for a penalty due to failure to account for withholding taxes, but involved an assessment for additions under section 6651 for failure to file an income tax return as required by subtitle A of the Code. It was our opinion in Granquist that section 6659(b), as it then read, required that additions assessed pursuant to section 6651 be collected according to the procedures and restrictions required with regard to the collection of deficiencies of income tax. For that reason, it was held that an assessment made under section 6651 could be enjoined for failure to comply with the sections 6212 and 6213 notice requirements.
 
 
 11
 At the time of the Granquist decision, section 6659(b) by its terms applied only to sections 6651 and 6653. Neither the sections construed nor the reasons relied upon in deciding Granquist v. Hackleman, supra, are applicable to resolving issues raised under section 6672. Since the case is clearly distinguishable, it is not controlling in deciding the case before us.[3]
 
 
 12
 Even though Granquist is distinguishable, however, Shaw hangs his case upon this statement in that case:
 
 
 13
 '6651 assessments may be 'taxes', but they are not 'taxes imposed by subtitle A or B.' In short, the 'taxes' that are included in the statutory definition, of deficiencies are limited to those taxes imposed by 1 to 2524, while 6659(a) (2) allows for referring to additions to tax imposed by 6651 to 6674 as 'taxes." Granquist v. Hackleman, supra, 264 F.2d at 15.
 
 
 14
 The emphasized portion of the statement, upon which appellant relies, is a correct statement of the law. Section 6659(a) provides that additions and penalties assessed under Chapter 68 (sections 6651 to 6674) shall be paid in the same manner as taces, and that any reference in the Code to 'tax' shall be deemed to refer also to additions and penalties set forth in this chapter. See, Mertens, Law of Federal Income Taxation, Code Commentary, 6659:1. For this reason, even though section 6672 refers to the assessments authorized therein as 'penalties,' it is a 'tax' within the meaning of the language of section 7421(a).
 
 
 15
 But it is not a tax with regard to which the deficiency notice procedure applies, because unlike the additions and penalties dealt with in Granquist, with regard to which section 6659(b) is applicable, there are no provisions requiring that section 6672 taxes shall be subject to the deficiency procedures. Additionally it may be noted that it is section 7421(a) which describes which actions may be brought to enjoin the assessment of taxes and penalties. Section 6659(a) by itself is neutral on that point.
 
 
 16
 For the reasons indicated the district court properly determined that it was without jurisdiction to entertain Robert Shaw's claim for injunctive relief. While he also sought an adjudication that the tax assessment is void, what has been said above demonstrates that in this respect he did not state a claim upon which relief can be granted. It follows that the court did not err in dismissing the first cause of action.
 
 
 17
 Mrs. Shaw's claim is based upon the allegations that she owns certain property as joint tenant with her husband, that a declaration of homestead has been recorded by them on this property, and that the federal tax lien filed in connection with the tax assessment made against her husband is a cloud upon her title and encumbers her use and enjoyment of this property. As before indicated, she seeks to quiet title to the property and to have the federal tax lien cancelled, removed and set aside.
 
 
 18
 The appellees moved to dismiss this claim on the grounds that 28 U.S.C. 2410 (1958) does not confer jurisdiction upon the federal courts to entertain such a claim and that, even if jurisdiction were present, the complaint fails to state a claim upon which relief can be granted. The district court dismissed the second cause of action on the grounds that (1) the United States had not consented to be sued and (2) that there was no jurisdictional basis for this suit-- which was characterized as a suit for partition-- in 28 U.S.C. 2410 or any other section of the United States Code.
 
 
 19
 Although the district court characterized this as an action for partition, it was brought essentially as an action to quiet title. We have held that 28 U.S.C. 2410 waives immunity of the United States in suits brought to quiet title to land upon which a federal tax lien is being claimed. United States v. Coson, 9 Cir., 286 F.2d 453, 456-459.
 
 
 20
 Contrary to the apparent position of another Circuit,[4] it is the position of this Circuit that 28 U.S.C. 2410 does not, in addition to waiving sovereign immunity, confer jurisdiction upon the federal courts. Seattle Ass'n of Credit Men v. United States, 9 Cir., 240 F.2d 906; Wells v. Long, 9 Cir., 162 F.2d 842. However, we have held in United States v. Coson, supra, that where a plaintiff alleges that he is the owner of land upon which a federal tax lien is claimed, and specifically alleges reasons why the claim of lien is invalid, he has stated a claim within the federal jurisdiction authorized by 28 U.S.C. 1340 (1958).
 
 
 21
 Although section 7421 of the Code precludes district court jurisdiction to entertain her husband's suit to enjoin collection of the tax, it does not prevent Mrs. Shaw from asserting her independent claim. The reason for this is that section 7421 restrains the taxpayer from bringing the specified types of suits, but it does not restrain third persons who claim that their property is being taken to satisfy the tax liability of another.[5]
 
 
 22
 Accordingly, the district court should not have dismissed Mrs. Shaw's claim for the jurisdictional reasons stated in the conclusions of law. However, it should have dismissed her cause of action for failure to state a claim upon which relief can be granted.
 
 
 23
 Mrs. Shaw takes the position that the filing of a federal tax lien upon the property of her husband constitutes a cloud upon her title to homestead property owned jointly by her and her husband. She relies chiefly upon Jones v. Kemp, 10 Cir., 144 F.2d 478, which held that an Oklahoma wife had an indivisible, vested interest in homestead property located in that state which could not be subjected to levy and sale for the federal tax liability of her husband.
 
 
 24
 Although there is an apparent conflict of authority as to whether a federal tax lien is valid upon a homestead interest, resolution of the issue turns upon the nature of the interest created by the state homestead laws.[6] Where the state homestead laws do not create a present property interest, but merely confer privileges and exemptions, the federal tax lien is good against homestead property. Weitzner v. United States, 5 Cir., 309 F.2d 45.
 
 
 25
 This court has described the California homestead estate as 'a sort of joint tenancy,' Tooley v. Comm'r of Internal Revenue, 9 Cir., 121 F.2d 350, 357. Nevertheless the California state courts have repeatedly held that the filing of a homestead declaration in that state creates merely a privilege or exemption attached to but not otherwise affecting title. See, e.g., Gerlach v. Copeland, 212 Cal. 758, 300 P. 818; Smith v. Bangham, 156 Cal. 359, 104 P. 689, 28 L.R.A.,N.S., 522.[7] Consistent with this view, this court has held with regard to California homesteads upon community property that federal taxes are a lien upon all of a delinquent taxpayer's property, including the entire homestead property. United States v. Heffron, 9 Cir., 158 F.2d 657.[8]
 
 
 26
 Mrs. Shaw alleged that the homestead property in question is owned by her and her husband as joint tenants and not as community property. The United States does not contend otherwise. The notice of lien with respect to the husband's taxes did not, and need not, describe any specific property. See United States v. Union Central Life Ins. Co., 368 U.S. 291, 82 S.Ct. 349, 7 L.Ed.2d 294. It is valid only against property belonging to him under the relevant state law. Aquilino v. United States, 363 U.S. 509, 80 S.Ct. 1277, 4 L.Ed.2d 1365; United States v. Durham Lumber Co., 363 U.S. 522, 80 S.Ct. 1282, 4 L.Ed.2d 1371; Stuart v. Chinese Chamber of Commerce, 9 Cir., 168 F.2d 709. The husband's joint interest in California land is such a property as is subject to the tax lien.[9] The notice of lien is therefore valid as against the husband's joint interest.
 
 
 27
 Since the lien attaches only to the delinquent taxpayer's property and extends no further,[10] this federal tax lien does not encumber Mrs. Shaw's joint interest. Since her allegations show no invasion of any property interest of her own, her complaint fails to state a claim for which relief can be granted.
 
 
 28
 Affirmed.
 
 
 
 [1]
 The counterpart of section 2707(a) of the 1939 Code is to be found in section 6671(a) and section 6672 of the 1954 Code
 
 
 [2]
 The deficiency notice requirements of the 1939 Code with regard to income tax (section 272(a)), estate tax (section 871(a)), and gift tax (section 1012(a)) have been incorporated into sections 6212 and 6213 of the 1954 Code
 
 
 [3]
 Not only does Granquist v. Hackleman, supra, have no application in construing cases under 6672, but its holding is no longer applicable with regard to sections 6651 and 6659(b). Congress amended section 6659(b) at 74 Stat. 132 (1960). The express purpose of the amendment was to nullify the holdings of this case, Strawberry Hill Press, Inc. v. Scanlon, 2 Cir., 273 F.2d 306 (involving an assessment under section 6651), and Enochs v. Muse, 5 Cir., 270 F.2d 528 (involving an assessment under section 6654), both of which followed Granquist. 1960-1 Cum.Bull. 840 and 843
 
 
 [4]
 United States v. Morrison, 5 Cir., 247 F.2d 285, 290; Maule Indus., Inc. v. Tomlinson, 5 Cir., 244 F.2d 897, 901
 
 
 [5]
 See, e.g., Botta v. Scanlon, 2 Cir., 288 F.2d 504; Maule Indus., Inc. v. Tomlinson, 5 Cir., 244 F.2d 897; Adler v. Nicholas, 10 Cir., 166 F.2d 674; Jones v. Kemp, 10 Cir., 144 F.2d 478
 
 
 [6]
 9 Mertens, Law of Federal Income Taxation, 54.52, n. 78
 
 
 [7]
 See, also, Holmes v. Grange Fraternal Fire Ins. Ass'n of California, 102 Cal. App.2d 911, 228 P.2d 889; Rich v. Ervin, 86 Cal.App.2d 386, 194 P.2d 809; Arighi v. Rule & Sons, Inc., 41 Cal.App.2d 852, 107 P.2d 970; Hannon v. Southern Pac. R.R. Co., 12 Cal.App. 350, 107 P. 335
 
 
 [8]
 The reason for this result is that state exemption laws do not protect property from federal tax liens. Kieferdorf v. Comm'r of Internal Revenue, 9 Cir., 142 F.2d 723
 
 
 [9]
 United States v. Brandenburg, S.D.Cal., 106 F.Supp. 82; United States v. Borcia, S.D.Cal., 1 A.F.T.R.2d 319; United States v. Beggerly, S.D.Cal., 44 A.F.T.R. 1149
 
 
 [10]
 See, United States v. Winnett, 9 Cir., 165 F.2d 149, 151; Karno-Smith Co. v. Maloney, 3 Cir., 112 F.2d 690, 692