T.C. Memo. 2010-28

UNITED STATES TAX COURT


MARTIN AMENT, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

JANIE AMENT, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 10911-07L, 10912-07L.    Filed February 22, 2010.


A. Lavar Taylor, for petitioners.

Mindy S. Meigs, for respondent.


MEMORANDUM OPINION

KROUPA, Judge:  These consolidated[1] collection review
matters are before the Court in response to Notices of

_____

[1]These cases have been consolidated for purposes of trial,
briefing, and opinion.

Determination Concerning Collection Action(s) Under Section 6320 and/or 6330[2] (determination notices) pertaining to trust fund recovery penalties (TFRPs) assessed against petitioners for the taxable periods ending September 30 and December 31, 2001, March 31, June 30, September 30, and December 31, 2002, and September 30, 2003 (periods at issue).  We must determine whether it was appropriate for respondent to assess the TFRPs against petitioners.  We find that the assessments were appropriate.

## Background

Some of the facts have been stipulated and are so found. The stipulations of fact and their accompanying exhibits are incorporated by this reference.  Petitioners resided in California at the time they filed the petitions.

Petitioner Martin Ament (Mr. Ament) was the president and chief executive officer of Martin M. Ament Enterprises, Inc. (MMAE), and his wife, Janie Ament (Mrs. Ament) was vice president of MMAE.  MMAE manufactured cabinetry and accessories for telecommunications equipment and data centers.

MMAE experienced great growth with the technology boom but began incurring financial troubles in 2001.  MMAE accrued more than $419,000 of unpaid employment tax liabilities for the periods at issue.  Respondent thereafter sent petitioners notices

---

[2]All section references are to the Internal Revenue Code unless otherwise indicated.

of proposed trust fund recovery penalty (TFRP) assessments (Letters 1153) with respect to MMAE's unpaid employment taxes. The Letters 1153 provided petitioners with an opportunity for a pre-assessment conference with respondent's Appeals Office. MMAE filed for chapter 11 bankruptcy (bankruptcy) shortly after issuance of the Letters 1153.

Petitioners timely filed a written appeal in response to the Letters 1153. Petitioners' counsel participated in a conference with Appeals Officer Maria E. Magers Roberts (AO Roberts). Petitioners each signed a waiver extending the limitations period for assessment of the TFRPs. AO Roberts and petitioners subsequently agreed to settle the administrative appeal. Mr. Ament agreed to the assessment of the total amount of the TFRPs, and Mrs. Ament agreed to the assessment of a reduced amount of TFRPs. As part of petitioners' agreement with respondent, respondent agreed to refrain from collection activity unless MMAE defaulted on payment under its bankruptcy plan of reorganization (bankruptcy plan). The bankruptcy plan required MMAE to pay the Internal Revenue Service (IRS) a $56,924[3] administrative claim, a $113,013 priority claim, a $317,489 secured claim, and a $40,242 general unsecured claim.

Respondent assessed the penalties against petitioners pursuant to the agreement reached in the Appeals conference.

_____

[3]All amounts are rounded to the nearest dollar.

MMAE failed, however, to timely pay all the IRS claims required by the bankruptcy plan.  Respondent attempted to contact petitioners regarding those payments by mail and by visiting their last known address, but petitioners never responded.  Respondent thereafter sent notices of Federal tax lien filings (lien filings) to petitioners to collect the unpaid TFRPs.  Petitioners timely filed separate requests for a collection due process (CDP) hearing.  Petitioners claimed that, even though they had consented to the assessments of the TFRPs in their agreement with AO Roberts, the assessments should be abated because respondent had agreed to refrain from collection action and the lien filings constituted collection action.

Settlement Officer Wendy Clinger (SO Clinger) held a CDP hearing with petitioners' counsel.  Petitioners' counsel argued that the lien filings violated the terms of the limitations period waiver, the terms of the agreements with AO Roberts, and the terms of the bankruptcy plan.  Petitioners' counsel did not dispute petitioners' liability for the TFRPs and did not propose any collection alternatives.  SO Clinger reviewed the case history and verified that respondent had properly assessed the TFRPs.  SO Clinger also received a memorandum from respondent's counsel advising her that MMAE was not fully current on its bankruptcy plan payments.  Respondent's counsel nonetheless recommended that the liens filed against petitioners be withdrawn

to enable petitioners to obtain necessary financing for MMAE's operations. Withdrawing the liens would give petitioners an opportunity to enable MMAE to make the required bankruptcy plan payments.

SO Clinger concurred with counsel's recommendation and withdrew the liens filed against petitioners. SO Clinger concluded in the determination notices to withdraw the liens, but declined to abate the assessments of the TFRPs for the periods at issue. Respondent sent petitioners determination notices with respect to the TFRPs at issue. Petitioners timely filed petitions contesting SO Clinger's determination not to abate the assessments of the TFRPs.

## Discussion

We are asked to determine whether respondent must abate the assessment of the TFRPs against petitioners. Respondent argues that we should apply an abuse of discretion standard of review in reviewing the determination notices. Petitioners contend that we should apply a de novo standard in reviewing the determination notices. Under either standard, we would reach the same result on the record in this case. Accordingly, we need not decide which standard of review applies. See Kohn v. Commissioner, T.C. Memo. 2009-117; see also Green v. Commissioner, T.C. Memo. 2009-105.

Petitioners argue that SO Clinger should have abated the assessments of the TFRPs against petitioners on the ground that the assessments were procedurally defective.  We disagree.  Trust fund penalties are not subject to the deficiency procedures provided in sections 6212 and 6213.  Sec. 6671(a); Shaw v. United States, 331 F.2d 493, 494 (9th Cir. 1964); Moore v. Commissioner, 114 T.C. 171, 175 (2000).  The IRS must mail the taxpayer a notice (typically done through a Letter 1153) or notify the taxpayer in person that it intends to assess a trust fund penalty before the period for assessing the penalty expires.  Sec. 6672(b)(1), (3).

SO Clinger reviewed the case history and verified that the assessments were valid.  She confirmed that petitioners received the required Letters 1153 before they contested the notices in a pre-assessment conference with AO Roberts.  SO Clinger also reviewed and considered, among other things, the limitation period waivers petitioners executed.  Petitioners agreed to the assessments in their agreements with AO Roberts.  Correspondence between petitioners and Appeals concerning the execution of the waivers further substantiates that petitioners agreed to the assessment of the TFRPs.  SO Clinger concluded that petitioners received all notices and were accorded all rights to which they were entitled regarding the assessments.

Petitioners also argue that the lien filings violated their agreement with AO Roberts. The liens were withdrawn. Withdrawing the liens has no impact on the validity of the assessments. Moreover, we note that petitioners provided no records to SO Clinger to establish that MMAE had made the bankruptcy plan payments or that MMAE was not in default. In fact, SO Clinger reviewed the bankruptcy plan payments and found that MMAE was indeed delinquent on its payments. Accordingly, we affirm SO Clinger's determination that the assessments at issue were valid.

We have considered all arguments made in reaching our decision, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decisions will be entered for respondent</u>.